B. H. HENDERSON v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 26 April, ·1916.)

**1. Issues—Negligence—Wantonness—Pleadings—Evidence—Trials.**

In an action against a railroad to recover damages for a personal injury, where there is no allegation or evidence that the act complained of was wantonly done, it is erroneous, to defendant's prejudice, for the trial judge to submit an issue as to whether the plaintiff was injured by the defendant's wanton negligence.

**2. Same—Instructions—Appeal and Error—Harmless Error.**

In an action for damages alleged to have been caused by the defendant's negligence, where there is sufficient evidence of the negligence complained of, the submission of an improper issue as to the defendant's "wanton" negligence places upon the plaintiff an additional burden to show that the act was wanton; and where the trial judge has properly instructed the jury that the plaintiff was only entitled to recover his actual damages, the error is harmless so far as the defendant is concerned.

**3. Negligence—Railroads—Collisions — Injury to Pedestrians — Trials—Evidence—Questions for Jury.**

In an action to recover damages of a railroad company for injuring the plaintiff, alleged to have been caused by the defendant's negligence, the evidence is sufficient as to the defendant's negligence, but not of wantonness, which tends to show that the defendant's branch line crossed its main line in a town; that the plaintiff was stopped by a freight train at this crossing, and while standing between the two tracks about 35 feet from the track a fast train on the main line crashed into a freight train on the crossing, and a small stick of timber was hurled upon the plaintiff, causing the injury complained of.

CLARK, C. J., concurring.

APPEAL by defendant from *Whedbee, J.,* at October Term, 1915, of CUMBERLAND.

Civil action, tried upon certain issues, the first of which reads as follows:

Was the plaintiff injured by the wanton negligence of the defendant, as alleged? Answer: "Yes."

The other issues relating to contributory negligence and damage were found for the plaintiff. From the judgment rendered, the defendant appealed.

*Sinclair, Dye & Ray for plaintiff.*
*Rose & Rose for defendant.*

BROWN, J. The defendant excepted to the submission of the first issue, and also requested the court to instruct the jury that there is no evidence of wanton negligence. His Honor erred in submitting the issue. There is no allegation in the complaint, and there is no evidence, that the defendant wantonly as well as negligently injured the plaintiff. Issues are raised by the pleadings, and where the pleadings do not distinctly and unequivocally raise an issue, it should not be submitted. *Sprague v. Bond,* 113 N. C., 552.

While there is nothing in the record tending to prove wantonness upon the part of defendant's engineman, there is ample evidence of neglect. The defendant's branch road from Sanford to Wilmington crosses its main line from Washington to Florida within the limits of Fayetteville. The plaintiff, a colored physician, on his way home, was stopped by a freight train on this crossing and, while waiting for it to move, was standing on the angle between the two tracks and some 35 feet from the track, when the midnight "flyer," the fast passenger train on the defendant's main line, crashed into the freight train at the crossing and a small stick of timber thereon—a cross-arm for a telegraph line— was hurled 35 feet, striking and seriously injuring the plaintiff. The facts are not in dispute, and the defendant put on no evidence.

While the insertion of the word "wanton" in the issue was error, yet upon an examination of the charge of his Honor we are satisfied that it was error of which the plaintiff alone could complain, because it threw upon him the burden of proving that the defendant acted wantonly, recklessly, and without due regard for the rights of the plaintiff.

It is contended by the defendant that the submission of such an issue tended to enhance the quantum of damages, and we were at first inclined to think so; but his Honor instructed the jury very clearly that they should find as damages only such sum of money as will compensate the plaintiff for injuries which are the direct result of the wanton negligence of the defendant.

He told the jury to "answer in such sum as you think in your judgment will compensate him." We think it very clear from his Honor's charge that he restricted the plaintiff's recovery to actual or compensatory damages only, and did not allow anything for punitive damages.

We are of opinion, upon a review of the entire record, and all the assignments of error, that there is no reversible error.

No error.

CLARK, C. J., concurs in the conclusion reached, and that if the insertion of the word "wanton" in the issue was error, it was error against the plaintiff, as it threw upon him the burden of proving that the defendant acted recklessly and without regard for the rights of the plaintiff, since the court charged the jury to allow only compensatory damages; but does not concur that there was "no evidence of wanton negligence."

Wantonness has been defined as "acting recklessly and without due regard to the rights of others." The plaintiff was where he had a right to be. He was on his return home, near the crossing of one railroad track by the other, and in the angle made thereby, waiting for the freight train to pass, when the "midnight flyer" mail train on the other track dashed into it and hurled a small stick of timber some 35 feet, which struck and seriously injured the plaintiff. These facts were not in dispute, and the defendant put on no evidence. The evidence was:

1. That the fast mail train was running 29 to 35 miles an hour, in violation of the ordinance of the town (in whose limits this injury occurred), which limited the speed to 10 miles an hour.

2. This train was running also in violation of defendant's own rule No. 98, which required trains approaching such points to be prepared to stop. Both the above ordinance and rule are alleged in the complaint and admitted in the answer.

3. The train was running in violation of the statute which required an electric headlight of at least 1,500 candle power on the main line. The absence of a sufficient headlight is alleged in the complaint, and it was in testimony that there was no electric headlight. This was not contradicted by any evidence.

If this last is true, the defendant company was guilty of an indictable offense, as is provided by chapter 446, Laws 1909. The collision was itself evidence of negligence. *Wright v. R. R.,* 127 N. C., 229, and many other cases. That it occurred while the defendant was in the commission of an indictable offense and running at a high rate of speed, in violation of the town ordinance, of its own rules, and of the statute of this State, was evidence of wanton negligence, that is, of "acting with reckless indifference to the rights of others." *Everett v. Receivers,* 121 N. C., 521. There is no ground upon which the defendant can complain of the conduct of the trial.