RURAL PLUMBING AND HEATING, INC., v. H. C. JONES CONSTRUC-
TION CO., INC., ET AL.

(Filed 26 August, 1966.)

**1. Appeal and Error § 41—**

An exception to the exclusion of evidence will not be sustained when
it is not made to appear what the excluded evidence would have been.
Rule of Practice in the Supreme Court No. 19(2).

**2. Trial § 31—**

Where all evidence upon an issue is uncontradicted and tends to sup-
port plaintiff's claim, the court may instruct the jury that if it finds the
facts to be as all of the evidence tends to show to answer the issue in
the affirmative.

**3. Pleadings § 29—**

The issues arise upon the pleadings, and the parties may not agree
upon improper issues, and the pleadings must support the judgment, and
the judgment may not be based upon facts not alleged in the pleadings or
which are entirely inconsistent therewith.

**4. Same; Trial § 6—**

The parties may establish any material fact by stipulation or judicial
admission and thereby eliminate the necessity of submitting an issue in
regard thereto to the jury.

**5. Trial § 6—**

A party is bound by his stipulations and may not thereafter take an
inconsistent position.

**6. Pleadings § 29—**

It is the duty of the trial court to submit such issues as are necessary
to settle the material controversies arising upon the pleadings, and in the
absence of such issues and the absence of admissions of record sufficient
to justify the judgment rendered, the Supreme Court will remand the
case for a new trial.

**7. Trial § 6—**

Courts look with favor on stipulations designed to simplify, shorten, or
settle litigation and save cost to the parties.

**8. Pleadings § 29; Trial § 40— In this case, compromise agreement
entered after filing of complaint is considered as an amendment to
the complaint in furtherance of the ends of justice.**

Plaintiff sued for the balance due under contract. Subsequent to the
filing of the complaint the parties entered a compromise agreement under
which plaintiff agreed to accept a lesser sum provided defendant made
payments on the contract in accordance with a schedule therein set forth,
and the executory compromise agreement provided further that upon de-
fault in payments in accordance with the schedule the original sum de-
manded should be due, and that the compromise agreement might be
filed in the pending action and have the effect of a consent judgment for
the original amount subject only to credits for payments made. The issue
submitted related only to whether defendants had defaulted in the pay-

ments stipulated under the compromise agreement and the credits which should be allowed against the original amount claimed. The uncontradicted evidence tended to show default in payment under the compromise schedule. *Held:* Notwithstanding the issues did not arise on the pleadings, the judgment will not be disturbed, but, in furtherance of the ends of justice, the compromise settlement will be taken as an amendment to the complaint, all the parties having stipulated that the issues submitted should be based upon the compromise agreement and there being no question of surprise.

**9. Waiver § 2—**

The acceptance of payments after default as credits upon the amount stipulated to be due upon such default is not a waiver of such default.

**10. Waiver § 3—**

When the facts relied upon as a waiver do not appear from the pleadings, such facts must be specifically pleaded as a defense.

APPEAL by defendant from *Bailey, J.,* October 1965 Regular Civil Session of WAKE.

Plaintiff originally instituted this action against one defendant, H. C. Jones Construction Company, Inc. (Jones Co.), to recover an alleged balance due on six separate construction contracts.

Plaintiff, a North Carolina corporation with its principal office located in Wake County, is engaged in the business of installing plumbing, heating and air-conditioning systems. Defendant, a South Carolina corporation, is a general contractor engaged principally in the construction of motels and related buildings. Defendant Keith T. Jones, who later made himself a party, is an officer, director, and the major stockholder of defendant Jones Co. In the complaint, filed on March 27, 1963, plaintiff sought to recover of defendant Jones Co. $186,692.91, which, it alleged, was the balance defendant owed it for installing plumbing, heating and air conditioning for defendant in six separate construction projects as follows:

(1) $7,000.00 with interest from August 31, 1962, balance due on contract made between plaintiff and defendant on October 25, 1961, for installations in a motel in College Park, Maryland.

(2) $343.00 with interest from January 1, 1963, extra work on motel in Hampton, Virginia.

(3) $4,850.00 with interest from September 26, 1962, balance due on contract of August 17, 1962, for installations at Holiday Inn Motel in Richmond, Virginia.

(4) $60,000.00 with interest from January 5, 1963, balance due on contract of January 3, 1962, for installations in motel in Princeton, New Jersey.

(5)  $84,499.91 with interest from February 28, 1963, on contract of July 9, 1962, for installations in apartment building in Princeton, New Jersey. This balance was later adjusted to $71,099.91.

(6)  $30,000.00, balance due on contract of August 31, 1962, for installations in motel at Andrews Air Force Base in Maryland.

Upon the oral argument here, it was stipulated that the sums which plaintiff sought to recover in causes of action 1, 2, 3, and 6 have now been paid, and that this appeal involves only causes of action 4 and 5.

On April 1, 1964, when the suit had been pending slightly more than a year, plaintiff, defendant Jones Co., Keith T. Jones, and the United States Fidelity and Guaranty Company (U. S. F. & G.), which had issued a labor and material payment bond in the amount of $60,000.00 on the Princeton, New Jersey motel project, entered into an executory contract by which the fourth and fifth causes of action were conditionally compromised and settled. This agreement (contract) reduced plaintiff's claim on these two projects from $131,099.91 to $105,000.00 ($50,000.00 for the Princeton motel and $55,000.00 for the apartment). Paragraph 1 of the contract provided for payments as follows:

(a)  $10,000.00 upon execution of the contract, receipt of which was acknowledged.

(b)  $15,000.00 on or before July 15, 1964.

(c)  $25,000.00 "on or before the date of completion of and settlement for the Chamberlain Apartment project in Richmond, Virginia," but in any event, not later than September 15, 1964. (The Chamberlain project involved a separate contract which is not included in any of the six causes of action set out in the complaint. Its settlement date merely fixed the time on which the third payment was due under the contract of April 1, 1964. The evidence also discloses that proceeds from this project settled the first three causes of action.)

(d)  $25,000.00 on or before the completion of and settlement for the construction of the Quality Court Motel at Florence, South Carolina but, in any event, not later than September 15, 1964. (The Florence project was likewise not involved in any of the causes of action set out in the complaint. "About the time" of the execution of the contract of April 1, 1964, plaintiff contracted with defendant to make installations in the Quality Court Motel which defendant was constructing at Florence, South Carolina. This sum of $25,000.00 was "included

within the (Florence) contract for the total sum of $112,550.00 between plaintiff, Ludwig Zahn, Keith Jones, and Quality Courts of Florence, Inc. for plumbing, heating, and air-conditioning installations." Unlike the Chamberlain situation, (c) above, the reference to the Florence project was more than a schedule for payments on the contract. Monthly progress payments on the Florence contract were to be made to plaintiff as the construction progressed. 22% of each such payment, however, was to be credited upon the $25,000.00 specified in paragraph (d).)

(e)    $10,000.00 on October 1, 1964.

(f)    $10,000.00 on December 1, 1964.

(g)    $10,000.00 on January 1, 1965.

(h)    All accrued interest to be paid on the first day of October, 1964, and again on January 1, 1965.

The contract provided that all principal payments made should be applied one-half to each of the two projects involved until the balance due on the motel was fully paid; thereafter all payments were to be applied to the apartment house balance. In paragraph 4 of the contract, U. S. F. & G. admitted liability to the extent of $50,000.00 upon defendant's obligations to plaintiff on the Princeton motel project. Upon payment in full of the sums called for in the contract, this action and another pending in a Federal District Court in New Jersey were to be nonsuited; until payment in full, this action was to "remain in its present status." Paragraph 7 of the contract provided the consequences of a default as follows:

"7.    In the event Jones Company shall default in any of the payments herein agreed to be paid, and if such default shall continue for a period of thirty (30) days after written notice of such default, then:

(a)    U. S. F. & G. shall immediately and without notice of any kind whatsoever pay to Rural the sum of Fifty Thousand Dollars ($50,000.00) with interest at the rate of six percent (6%) per annum from 1 April 1964, to the date of payment, LESS, any amounts of principal and interest theretofore credited to the motel project in Princeton, New Jersey under the terms hereof, and shall pay all costs of court in the pending legal actions by Rural against U. S. F. & G.; and

(b)    Jones Company shall be obligated to and shall pay to Rural the sum of Sixty Thousand Dollars ($60,000.00) with interest from 5 January 1963 for the plumbing, heating and air conditioning systems installed in the aforesaid motel building, LESS, any amounts of principal and interest there-

tofore credited to said motel project under the terms hereof, and shall be obligated to and shall pay to Rural the sum of Seventy-one Thousand Ninety-nine and 91/100 Dollars ($71,099.91) with interest from 28 February 1963 for the plumbing, heating and air conditioning systems installed in the aforesaid . . . (Princeton) apartments, LESS, any amounts of principal and interest theretofore credited to said apartment project under the terms hereof; and

(c) This agreement may be filed by Rural as a judicial admission of liability by U. S. F. & G. and by Jones Company in any or all of the aforesaid pending actions and shall have the legal effect of a consent judgment, confession of judgment, or summary judgment for the amounts herein agreed to be paid, subject only to proof by Jones Company or U. S. F. & G. of the prior payments to be credited upon said amounts."

Keith T. Jones, in paragraph 8 of the contract, unconditionally guaranteed its performance as well as the payment of all obligations of Jones Company under the terms of the compromise agreement in the event of its default.

Plaintiff, contending that Jones Company had defaulted in the payment of the sums specified in the contract of April 1, 1964, calendared this case for trial at the October 1965 Session. At the trial, Jones Co., and Keith T. Jones stipulated:

1. On the dates indicated defendant made the following payments in reduction of the amounts due under the contract between the parties dated April 1, 1964:

| | |
|---|---:|
| May 22, 1964 | $10,000.00 |
| May 25, 1964 | 3,278.00 |
| June 22, 1964 | 3,036.00 |
| July 31, 1964 | 3,564.00 |
| August 14, 1964 | 15,000.00 |
| September 3, 1964 | 4,400.00 |
| September 28, 1964 | 2,200.00 |
| TOTAL | $41,478.00 |

2. On October 6, 1964, U. S. F. & G. paid to Rural Plumbing and Heating, Inc., the sum of $31,180.00 in principal and $1,281.52 in interest, under the terms of the contract. (Paragraph 4).

3. There is now on deposit in Wachovia Bank and Trust Company, Charlotte, North Carolina, the sum of $3,413.53, which plaintiff has attached and which Jones Co. and Keith T. Jones

have agreed shall be applied in reduction of the amounts due under the contract.

4. On the trial of this action, "if the jury should find in favor of the plaintiff and should find that the foregoing and other payments, if any, were made to Rural Plumbing and Heating, Inc., under the terms of said contract, the Presiding Judge shall be authorized to determine and set forth in the judgment the dates of such payments and the various amounts of interest due to the plaintiff.

At a pre-trial conference, the issues (hereinafter set out) had been settled. Plaintiff's evidence tended to show: Plaintiff has received no part of the sum of $25,000.00 which was to be paid on or before the Chamberlain Apartment project was completed but not later than September 15, 1964. Jones Co. informed plaintiff on July 27, 1964, "that the Chamberlain Apartment job would be closed out and the $25,000.00 or a part of it would be forthcoming." When no money was forthcoming plaintiff's attorney informed defendant's counsel by letter dated July 28, 1964, that defendant had received settlement on the Chamberlain Apartments on July 24, 1964; that plaintiff was demanding payment of the $25,000.00 due under paragraph 1(d) of the contract; and that the letter was the written notice of default specified by the contract. On August 11, 1964, defendant's attorney advised plaintiff's counsel that the Chamberlain Apartment job had not been "fully settled," that $20,000.00 was still due defendant from it, and that plaintiff should be hearing from defendant "within the next few days" concerning the $15,000.00 due under paragraph 1(b) of the contract and the $25,000.00 due under paragraph 1(c), the amounts then due. On August 14, 1964, plaintiff's counsel replied to this letter. They acknowledged receipt of defendant's check for $15,000.00, but they specifically contradicted defendant's contention that the Chamberlain project had not been settled. They reaffirmed plaintiff's notice of defendant's default set forth in their letter of July 28, 1964, as to the payment required by paragraph 1(c) of the contract. (This letter of August 14, 1964, introduced by defendant, was the only evidence offered by defendant.)

On September 3rd, Keith T. Jones advised plaintiff by telephone that he had the check from the Chamberlain job and that it would be sent to plaintiff immediately. On the same day plaintiff's attorney, by letter, informed defendant's counsel of this telephone conversation, and also gave him notice that the progress payment due August 20, 1964, on the Florence motel project (see paragraph 1(d) of the contract) had not been received. He also advised defendant's counsel that, in view of his letter of August 11th, plaintiff had not

called on U. S. F. & G. to make the payment required of it upon Jones Co.'s default, but that unless the $25,000.00 payment due under paragraph 1(c) of the contract and the progress payments then due on the Florence project were received by noon on September 7, 1964, plaintiff would not only call on U. S. F. & G. for payment, but would take the necessary steps to collect the additional amounts due under the contract from Jones Co. and Keith T. Jones.

From time to time, plaintiff received certain progress payments from the Florence motel job, the following portions of which were credited to the amount due under paragraph 1(d) of the contract:

| | |
|---|---|
| May 25, 1964 | $ 3,278.00 |
| June 22, 1964 | 3,036.00 |
| July 31, 1964 | 3,564.00 |
| September 3, 1964 | 4,400.00 |
| September 28, 1964 | 2,200.00 |
| | $16,478.00 |

These payments represented 22% of the total payments which Jones Co. made to plaintiff on the Florence project. On September 30, 1964, plaintiff's counsel wrote defendant's attorney that, under the contract, Jones Co. had been in default for a period of more than 30 days after written notice of such default; that the provisions of paragraph 7 of the contract were in effect; that notwithstanding, if the sum of $38,150.00 ($25,000.00 plus the progress payments due August 20, 1964, and September 20, 1964, on the Florence job) was received by 11:00 a.m. on October 3, 1964, plaintiff would waive all default and reinstate the agreement of April 1st; that otherwise plaintiff would enforce the contract. The specified payment was not received.

Without objection or exception the following issues were submitted to the jury and answered as indicated:

1. Did the defendant H. C. Jones Construction Co., Inc., default in any of the payments agreed to be paid in the contract between the parties dated 1 April 1964, and did such default continue for a period of thirty days after written notice of such default?

ANSWER: Yes.

2. What amounts, if any, have been paid to Rural Plumbing and Heating, Inc., as credits against the amount due under the terms of said contract?

ANSWER: $72,658.00. (This figure is the sum of the stipulated payments, plus the principal sum of $31,180.00, paid on the Princeton motel project by U. S. F. & G.)

3.  What amounts, if any are now due to Rural Plumbing and Heating, Inc., under the terms of said contract?

ANSWER:  $58,441.91.

Thereafter, in accordance with the stipulation, Judge Bailey made the interest calculations and entered judgment against Jones Co. and Keith T. Jones, jointly and severally, in the amount of $58,441.91 (the sum of the original balances alleged to be due in causes of action 4 and 5, less the credits) with interest at the rate of 6% from November 5, 1965, until paid; and the sum of $14,573.34, in accrued interest. The judgment further ordered Wachovia Bank and Trust Company as garnishee to pay to plaintiff, as a credit on the judgment, the sum of $3,413.53, referred to in stipulation 3. From this judgment defendants Jones Co. and Keith T. Jones appeal.

*Lassiter, Leager, Walker & Banks for plaintiff appellee.*
*George M. Anderson and E. Ray Briggs for defendant appellants.*

SHARP, J.  Defendants' assignments of error 1 through 4 relate to the exclusion of evidence. These assignments do not comply with Rule 19(3), Rules of Practice in the Supreme Court, in that appellant did not incorporate therein the excluded evidence and thus disclose the alleged error. They will not, therefore, be considered. *Pratt v. Bishop,* 257 N.C. 486, 126 S.E. 2d 597. In our view of this case, however, they are immaterial.

Although appellant does not raise the point, this case presents a novel situation in that the issues submitted to the jury did not arise upon the pleadings but upon a contract entered into by the parties a year after the pleadings had been filed. The contract specified that, if certain payments totaling $105,000.00 were made as they came due, plaintiff's claim of $131,099.91, contained in causes of action 4 and 5, would be discharged. If, however, Jones Co. defaulted, and its default continued for 30 days after plaintiff had given written notice thereof, the contract became "a judicial admission" that Jones Co.'s liability to plaintiff was the amount for which plaintiff had sued.

The stipulation entered into at the time of the trial on November 4, 1965, incorporated the contract by reference and established the payments which Jones Co. had made pursuant to it. This stipulation clearly reveals that Jones Co. had paid in full only the amounts due under paragraph 1(a) and (b) of the contract; all other payments were in default. If this default had continued for thirty days after written notice to Jones Co., the contract constituted a judicial admission of defendants' liability in the amount of

$131,099.91, less the stipulated payments. To fix the amount, it would be necessary only to subtract the stipulated payments and to compute the interest due. Thus, the only issue of fact which the parties left unstipulated was whether plaintiff had given notice of default as required by the contract and, if so, whether that default had continued for a period of 30 days thereafter. The uncontradicted evidence was that such notice had been given on July 28, 1964, re-affirmed on August 14, 1964, September 4, 1964, and September 30, 1964, and that the default has continued to date. Plaintiff was entitled, therefore, to have had the judge instruct the jury that, if it found the facts to be as all the evidence tended to show, it would answer the issue relating to notice and continued default in favor of the plaintiff. *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726. The first issue submitted to the jury incorporated these questions, and was answered in plaintiff's favor.

It is the rule with us that "issues arise upon the pleadings, when a material fact . . . is maintained by one party and controverted by the other." G.S. 1-196; *Jenkins v. Trantham*, 244 N.C. 422, 94 S.E. 2d 311; McIntosh, North Carolina Practice and Procedure § 508 (1929). The pleadings must support the judgment, which may not be based on facts not alleged in the complaint and entirely inconsistent with it. *McCullen v. Durham*, 229 N.C. 418, 50 S.E. 2d 511; *Shelton v. Davis*, 69 N.C. 324. Although the parties may not agree upon improper issues, *Nebel v. Nebel*, 241 N.C. 491, 85 S.E. 2d 876; *Miller v. Miller*, 89 N.C. 209, they may, by stipulation or judicial admission, establish any material fact which has been in controversy between them, and thereby eliminate the necessity of submitting an issue to the jury with reference to it. *Millikan v. Simmons*, 244 N.C. 195, 93 S.E. 2d 59. Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position. *Austin v. Hopkins*, 227 N.C. 638, 43 S.E. 2d 849; 83 C.J.S., Stipulations § 22(a) (1953). The sum and substance of the foregoing precepts is that it is the duty of the judge to submit such issues as are necessary to settle the material controversies in the pleadings. In the absence of such issues, without admissions of record sufficient to justify the judgment rendered, this Court will remand the case for a new trial. *Tucker v. Satterthwaite*, 120 N.C. 118, 27 S.E. 45.

The contract of April 1, 1964, and the stipulation of November 4, 1965, incorporating it were made part of the record in this case at the trial. They did not, however, change the theory upon which the fourth and fifth causes of action were stated in the complaint. They created no inconsistencies and in no way negated any material allegation. See *Dobias v. White*, 240 N.C. 680, 83 S.E. 2d 785; *King*

*v. Coley,* 229 N.C. 258, 49 S.E. 2d 648. Although they added the issues of default and notice to the case, the ultimate issue — the amount of Jones Co.'s liability to plaintiff growing out of causes four and five — remained the same.

Without any doubt the parties' contract and stipulations prevented a compulsory reference in this case, and greatly simplified what would otherwise have been a very involved lawsuit. Courts look with favor on stipulations designed to simplify, shorten, or settle litigation and save cost to the parties, and such practice will be encouraged. *Chisholm v. Hall, supra;* 83 C.J.S., Stipulations § 2 (1953). In some jurisdictions the parties may "waive the issues made by the pleadings and stipulate for a trial on the merits regardless of such issues." 83 C.J.S., Stipulations §§ 10(6), 22a. (1953). See *Blades v. Des Moines City Ry. Co.,* 146 Iowa 580, 123 N.W. 1057; *Traill v. Ostermeier,* 140 Neb. 432, 300 N.W. 375; *Bruner v. Burch,* 179 Okla. 338, 65 P. 2d 1215. This, however, is not the rule in North Carolina except in controversies without action, which do not contemplate pleadings, G.S. 1-250, and perhaps in a case agreed. McIntosh, *op. cit. supra* § 518. Nor, under our practice, do stipulations dispense with the necessity that the pleadings support the proof. "(W)here the pleadings do not distinctly and unequivocally raise an issue, it should not be submitted." *Henderson v. R. R.,* 171 N.C. 397, 398, 88 S.E. 626, 627.

After plaintiff had decided to invoke the provisions of paragraph 7 of the contract, the proper procedure would have been for it to have filed an amended complaint in which the two remaining causes "were brought up to date," and those which had been settled eliminated from the pleadings. This would have greatly clarified a confused situation and preserved some symmetry in the case. Notwithstanding, under the circumstances here disclosed, the ends of justice will best be served by treating the stipulations and contract as an amendment to the complaint. The purpose of the requirement that issues must arise on the pleadings is to prevent surprise and to give each party the opportunity to prepare his case. *King v. Coley, supra.* No risk of surprise existed here.

Defendants make no point here that the issues submitted did not arise upon the pleadings nor did they, at the trial, tender other issues or except to those used. Indeed, after trial all parties stipulated that the issues submitted to the jury were based on the contract of April 1, 1964. This case has been fairly tried, and, upon the whole record, it is apparent that the result would have been the same had all rules of pleadings been strictly observed. It is also patent that another trial upon this same evidence would result in an identical verdict.

The procedure followed here appears to be without precedent in this jurisdiction, and we note the irregularity in order to point out that such a departure from established rules of pleadings is not to be encouraged and is hazardous. For example, defendants assign as error the failure of the court to charge that plaintiff had waived Jones Co.'s default by crediting 22% of the two progress payments received from the Florence job more than 30 days after giving notice of default against the $25,000.00 due under paragraph 1(d) of the contract. This assignment is without merit for two reasons: (1) The circumstances under which these payments were made and received were not such as to constitute a waiver. *Realty Co. v. Spiegel, Inc.,* 246 N.C. 458, 98 S.E. 2d 871; (2) Defendants have no pleadings which raise the issue. When the facts constituting a waiver do not appear in the pleadings, the party relying thereon must specially plead the defense, and it "must be pleaded with certainty and particularity and established by the greater weight of the evidence." *Hall v. Odom,* 240 N.C. 66, 70, 81 S.E. 2d 129, 133. *Accord, Wright v. Insurance Co.,* 244 N.C. 361, 93 S.E. 2d 438; *Lamb v. Staples,* 236 N.C. 179, 72 S.E. 2d 219.

Defendants' other assignments have been considered and found to be without merit.

The judgment of the court below is
Affirmed.