AMERICAN MUTUAL LIABILITY INSURANCE COMPANY v. WATSON SEAFOOD AND POULTRY COMPANY, INC., AND FEATHER PROCESSORS, INC.

No. 7210SC209

(Filed 26 April 1972)

1. **Appeal and Error § 2; Insurance § 6— retroactive rating plan endorsement — construction — insufficiency of record on appeal**

   Question of whether the trial court erred in ruling that "Retrospective Rating Plan" endorsements on three insurance policies issued by plaintiff to defendants contained no provision for rate adjustment where cancellation is by the insurer for reasons other than non-payment of premiums was not properly presented and was not decided by the appellate court where the contents of the endorsements were not included in the record on appeal.

2. **Appeal and Error § 46— judgment appealed from — presumption of correctness**

   There is a presumption in favor of the correctness of the judgment appealed from, and the burden is on appellant to show prejudicial error.

APPEAL by plaintiff from *Brewer, Judge,* April 1971 Session of Superior Court held in WAKE County.

Plaintiff seeks to recover insurance premiums in the amount of $3,073.35 it alleged was due from the defendants on six policies of insurance issued to defendants by the plaintiff. The policies were issued to cover Workmen's Compensation, general liability and automobile liability. The first three policies, WC 889587-03-5-E (Workmen's Compensation—hereinafter referred to as #03-5), CGL 889587-04-5-E (general liability—hereinafter referred to as #04-5), CAL 889587-06-5-E (automobile liability—hereinafter referred to as #06-5),

were for the term of one year beginning 1 April 1965, but by endorsement were renewable so as to afford insurance for a three-year period from the effective date, subject to cancellation by either of the parties as set out in the policies.

Effective 1 April 1966, plaintiff issued three renewal policies, WC 889587-03-6-E (Workmen's Compensation—hereinafter referred to as #03-6) which was a renewal of #03-5; CGL 889587-04-6-E (general liability—hereinafter referred to as #04-6) which was a renewal of #04-5; and CAL 889587-06-6-E (automobile liability—hereinafter referred to as #06-6) which was a renewal of #06-5.

Defendants denied owing plaintiff any sum and in a counterclaim alleged that the plaintiff was indebted to them in the amount of $13,049.85 for amounts paid to plaintiff in excess of the premiums due on the policies.

At a pre-trial conference, the parties stipulated, among other things:

"E. That effective August 4, 1966, the Plaintiff cancelled all of the above policies (those set forth in item D) for reasons other than the non-payment of premiums.

F. That attached to and made a part of each of the policies above was an endorsement known as 'Retrospective Premium Endorsement-Three Year-Plan D', that copy of said endorsement is attached hereto.

G. That the defendants have paid all standard earned premium due under the policies for the period from April 1, 1966 until August 4, 1966, the date of cancellation by the Plaintiff insurance company.

H. That in addition, after the cancellation of the policies by the Plaintiff, the plaintiff billed the Defendants for, and the Defendants paid a 'first interim retrospective premium adjustment' of $6,064.80 computed concerning the policies enumerated in sub-division 3C hereof; such amount having been paid on April 18, 1967.

\* \* \*

13. The parties stipulate and agree to waive jury trial and that the Court shall be the trier of facts and may make such findings of fact as the evidence warrants.

14. The parties stipulate that the contested issues to be tried by the Court are as follows:

(a) What amount, if any, is the Plaintiff entitled to recover of the Defendants?

(b) What amount, if any, are the Defendants entitled to recover from the Plaintiff?

15. That the only real issues for determination are issues of law, which are determinative of the issues stated in paragraph 14. Such issues of law may be stated:

(a) When the policies were cancelled by the Plaintiff,-insurer for reasons other than non-payment of premiums, was the Plaintiff nevertheless entitled to retrospective premiums under the wording of its Retrospective Rating Plan D endorsement?

(b) Is the Defendant entitled to recovery (sic) any amount from Plaintiff, whether or not the Retrospective Endorsement was in force?"

After a hearing the trial judge found facts, stated his conclusions and entered a judgment awarding the defendants the sum of $6,064.87, "plus appropriate interest," and costs.

The plaintiff appealed to the Court of Appeals.

*Dan Lynn for plaintiff appellant.*

*Wolff & Harrell by Bernard A. Harrell for defendant appellees.*

MALLARD, Chief Judge.

Plaintiff contends that the trial court committed error in ruling that the "Retrospective Rating Plan" contained no provision for rate adjustment where the cancellation is by the insurer for reasons other than non-payment of premium.

In the pre-trial stipulations the parties agreed that on each of the policies there was an endorsement known as "Retrospective Premium Endorsement-Three Year-Plan D." Although it is asserted that this endorsement was attached to the stipulations, it does not appear in this record; therefore, we do not know the contents of this stipulation. There was no stipulation relating to the "Retrospective Rating Plan," about which plain-

Insurance Co. v. Poultry Co.

tiff argues. "Stipulations duly made during the course of a trial constitute judicial admissions binding on the parties and dispensing with the necessity of proof, and unless limited as to time or application, such stipulations continue in force for the duration of the controversy. A party may not thereafter take an inconsistent position. * * *" 7 Strong, N. C. Index 2d, Trial, § 6. See also *Heating Co. v. Construction Co.,* 268 N.C. 23, 149 S.E. 2d 625 (1966).

[1] It appears, however, that the trial judge construed the language contained in the "Retrospective Premium Endorsement-Three Year-Plan D" attached to and made a part of a copy of an insurance policy purporting to be a copy of #03-5. (There is no identifying mark to indicate that this instrument was introduced in evidence; however, it appears with the exhibits in this case.) The construction given it by the judge is supported by interpretations given to similar language by the Supreme Court of Colorado in the case of *Travelers Ins. Co. v. Jeffries-Eaves, Inc., of Colo.,* 166 Colo. 220, 442 P. 2d 822 (1968), and by the Supreme Court of Minnesota in the case of *Bituminous Casualty Corporation v. Swartout,* 270 Minn. 216, 133 N.W. 2d 32 (1965). But inasmuch as we do not have the contents of the "Retrospective Premium Endorsement-Three Year-Plan D" (which was stipulated) before us, we are unable to know what *its* contents are; the questions plaintiff seeks to present concerning the "Retrospective Rating Plan" are not properly presented and are not decided.

[2] There is a presumption in favor of the correctness of the judgment appealed from, and the burden is on an appellant to show prejudicial error. 1 Strong, N. C. Index 2d, Appeal and Error, § 46. After examining all assignments of error properly presented, we hold that plaintiff has not shown prejudicial error on this record.

Affirmed.

Judges MORRIS and PARKER concur.