An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-902

Filed 17 September 2025

Rowan County, No. 21CVD001307

KRYSTAL B. COSTANTINO, Plaintiff,

v.

CHAD D. COSTANTINO, ABUNDANT LIFE MINISTRIES/PUBLISHING/DIST INC., Defendant.

Appeal by defendant from judgment entered 8 November 2023 by Judge James F. Randolph in Rowan County District Court. Heard in the Court of Appeals 26 August 2025.

> *Homesley & Wingo Law Group PLLC, by Andrew J. Wingo, for the plaintiff-appellee.*

> *Barton & Doomy, PLLC, by Matthew J. Barton, for the defendant-appellant.*

TYSON, Judge.

Chad Costantino ("Husband") appeals from the trial court's 8 November 2023 equitable distribution order, awarding an unequal distribution of marital assets to Krystal Costantino ("Wife"). We affirm the trial court's order in part, vacate the trial court's order regarding the unequal distribution being equitable, and remand.

## I. Background

Husband and Wife were married on 29 May 2008 and separated on 7 May 2021. Husband and Wife are parents of two children born during the marriage, and one of their children has reached the age of majority. Husband purportedly owns and operates Abundant Life Ministries/Films/Publishing/Distribution, Inc. ("Abundant Life").

On 25 June 2021, Wife filed for equitable and unequal distribution, child support, child custody, health insurance and uninsured expenses, post-separation support, alimony, attorney's fees, and injunctive relief. Wife amended her complaint to add Abundant Life as an additional defendant on 22 April 2022. On 17 June 2022, Husband filed an answer and counterclaims for child custody, equitable distribution, and attorney's fees. Wife filed a reply to Husband's counterclaims on 13 July 2022.

On 28 June 2022, the court filed an entry of default against Abundant Life for failure to respond to Wife's complaint. On 14 June 2023, the trial court entered a pre-trial order. The pre-trial order listed the assets the parties agreed were marital assets and the assets in dispute concerning their status and/or value. Husband stipulated several bank accounts were marital accounts in the pre-trial order.

Trial began on 8 August 2023. Wife testified Husband is the sole proprietor listed on one of Abundant Life's purported bank accounts. Wife further testified Abundant Life's bank accounts were used to transfer money to and from personal bank accounts and to pay monthly bills. Evidence tended to show Husband withdrew

around $285,000 from some of the accounts purportedly belonging to Abundant Life throughout 2021. Other evidence tended to show Husband had shuffled approximately $334,550 to certain accounts after the date of separation.

At trial, Husband attempted to establish Abundant Life as a church and argued several of the accounts listed as marital assets should be treated as separate property. Husband attempted to tender documents from the State of Washington to establish Abundant Life as a non-profit entity. Wife objected to those documents as hearsay and argued Husband had failed to provide "an appropriate foundation as to the origination and documentation and authentication of this document." The trial court sustained Wife's objections.

The trial court filed an equitable distribution order on 8 November 2023 awarding unequal distribution of marital assets to Wife and treating all bank accounts as marital property per the pre-trial stipulations. Husband filed notice of appeal on 8 December 2023.

## II. Jurisdiction

The filed stamp date on the Notice of Appeal from the Clerk of Superior Court of Rowan County is illegible, but that fact does not necessarily cause it to fail to comply with the Appellate Rules of Procedure's jurisdictional requirements. These Rules require the record on appeal in a civil case to contain "a copy of the notice of appeal[.]" N.C. R. App. P. 9(a)(1)(i). "Every pleading, motion, affidavit, or other document included in the printed record *should show the date* on which it was filed

and, if verified, the date of verification and the person who verified it. Every judgment, order, or other determination *should show the date* on which it was entered." N.C. R. App. P. 9(b)(3) (emphasis supplied).

If the record on appeal contains a Rule (a)(1)(b) statement and both parties have stipulated to the record on appeal, "[t]he record on appeal, therefore, contains an adequate statement as to the date that the notice of appeal was filed, as required by N.C. R. App. P. 9(b)(3)." *Blevins v. Town of W. Jefferson*, 182 N.C. App. 675, 681, 643 S.E.2d 465, 469 (2007) (Geer, J., dissenting), *rev'd for reasons stated in the dissenting opinion*, 361 N.C. 578, 653 S.E.2d 392 (2007) (*per curiam*).

Here, the Notice of Appeal and Record contain a Rule 9(a)(1)(b) statement on the first page. N.C. R. App. P. 9(a)(1)(b) (requiring "a statement identifying the judge from whose judgment or order appeal is taken, the session at which the judgment or order was rendered, or if rendered out of session, the time and place of rendition, and the party appealing"). The "Statement of Organization of the Trial Court" states that "[Husband] filed and served written notice of appeal on 8th December 2023." Wife stipulated to the record on appeal and to this statement. The Record contains an adequate statement asserting the date the notice of appeal was filed, as is required by N.C. R. App. P. 9(b)(3). *See Blevins*, 182 N.C. App. at 681, 643 S.E.2d at 469 (Geer, J., dissenting). The illegible file-stamp on the Notice of Appeal does not *per se* deprive this Court of jurisdiction under the North Carolina Rules of Appellate Procedure. *Id.* Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

### III.    Issues

Husband makes several arguments regarding the trial court's classification of certain bank accounts, purportedly belonging to Abundant Life, as marital property. He also argues the trial court's findings of fact do not support its conclusion an unequal distribution of marital property is equitable.

### IV.    Pre-Trial Stipulations

Husband makes several arguments regarding the trial court's treatment of certain bank accounts, purportedly belonging to Abundant Life, as marital property. Husband argues: (1) the trial court erred in concluding Abundant Life's assets are marital property; (2) the trial court erred as a matter of law in concluding Abundant Life's assets were entirely marital; (3) finding of fact 22 is unsupported by the evidence because the trial court included accounts belong to Abundant Life; (4) finding of fact 26 is unsupported by the evidence and improperly categorizes Abundant Life as marital without sufficient findings; and, (5) Wife should have been judicially estopped from arguing it was Husband's duty to prove Abundant Life and its purported assets were not marital because Wife had already joined Abundant Life as a third-party.

Each of Husband's arguments lack merit, as he stipulated in the pre-trial agreement the Abundant Life bank accounts were marital property.

### A. Standard of Review

The standard of review on appeal from a judgment

entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary.

The trial court's findings need only be supported by substantial evidence to be binding on appeal. We have defined substantial evidence as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Clark v. Dyer*, 236 N.C. App. 9, 13, 762 S.E.2d 838, 839 (2014).

## B. Analysis

N.C. Gen. Stat. § 50-20 (2023) governs the distribution of marital and divisible property. "[E]quitable distribution is a three-step process requiring the trial court to (1) determine what is marital [and divisible] property; (2) find the net value of the property; and, (3) make an equitable distribution of that property." *Petty v. Petty*, 199 N.C. App. 192, 197, 680 S.E.2d 894, 898 (2009) (citations and quotations omitted).

"Marital property" includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned . . . ." N.C. Gen. Stat. § 50-20(d) (2023).

"The spouse claiming [ ] the property is separate bears the burden of proof, as under N.C. Gen. Stat. § 50-20(b)(1), '[i]t is presumed that all property acquired after the date of marriage and before the date of separation is marital property . . . .'" *Allen v. Allen*, 168 N.C. App. 368, 374, 607 S.E.2d 331, 335 (2005) (quoting N.C. Gen. Stat. § 50-20(d)).

Parties may stipulate to the status, distribution, and value of property in pre-trial agreements. *See Estate of Carlsen v. Carlsen*, 165 N.C. App. 674, 678, 599 S.E.2d 581, 584 (2004) ("Any material fact that has been in controversy between the parties may be established by stipulation.") (citation omitted)).

This Court has previously held when "parties [have] signed a pre-trial order containing a stipulation that all property to be classified, evaluated, and distributed was disclosed on the attached schedules[,]" the "order [i]s binding upon the parties as to all assets classified as marital property." *Allen*, 168 N.C. App. at 373, 607 S.E.2d at 335 (citing *Hamby v. Hamby*, 143 N.C. App. 635, 642-43, 547 S.E.2d 110, 114-15 (2001)).

This Court views stipulations favorably, and parties are bound to them:

> "Courts look with favor on stipulations designed to simplify, shorten, or settle litigation and save cost to the parties, and such practice will be encouraged." *Rural Plumbing and Heating, Inc. v. H. C. Jones Construction Co., Inc.*, 268 N.C. 23, 32, 149 S.E.2d 625, 631 (1966). "'While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them . . . .'" *State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961) (citation omitted). "Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position." *Rural Plumbing and Heating, Inc.*, 268 N.C. at 31, 149 S.E.2d at 631.

*Moore v. Richard West Farms, Inc.*, 113 N.C. App. 137, 141, 437 S.E.2d 529, 531 (1993).

When "parties and their counsel [have] stipulated to the value of [property] as of the date of separation," all parties are "bound by [their] stipulation, and estopped to question the value used by the trial court." *Wall v. Wall*, 140 N.C. App. 303, 310, 536 S.E.2d 647, 652 (2000).

Here, Husband stipulated all of the purported Abundant Life bank accounts were marital property under Schedule D. As explained in the pre-trial order, "Schedule D is a list of marital property upon which there is disagreement as to distribution and disagreement as to value." Husband is bound by his pre-trial stipulation, and he cannot now argue the bank accounts he stipulated as marital are separate property. *Wall*, 140 N.C. App. at 310-11, 536 S.E.2d at 652 ("Parties are not free to enter into stipulations for the purposes of trial, then abandon those agreements and chart a different course when they sail into appellate waters."). Husband's arguments are without merit and overruled.

## V.    Unequal Distribution

Husband argues the trial court's "findings of fact [ ] are insufficiently detailed to support an award of unequal distribution, and the decision of the [trial] [c]ourt to order an unequal distribution represents an abuse of discretion."

## A. Standard of Review

"Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion." *Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992). In an equitable distribution order, the

findings of fact "must support the determination that the marital property has been equitably divided." *McIver v. McIver*, 92 N.C. App. 116, 127, 374 S.E.2d 144, 151 (1988) (citations and quotation marks omitted).

## B. Analysis

Our General Statutes provide for an "equal division" of marital property in an equitable distribution proceeding, "unless the court determines that an equal division is not equitable." N.C. Gen. Stat. § 50-20(c) (2023). *See also White v. White*, 312 N.C. 770, 775-76, 324 S.E.2d 829, 832 (1985). "[T]he statute is a legislative enactment of public policy so strongly favoring the equal division of marital property that an equal division is made *mandatory* 'unless the court determines that an equal division is not equitable.'" *White*, 312 N.C. at 776, 324 S.E.2d at 832 (quoting N.C. Gen. Stat. 50-20(c)).

Twelve statutory factors must be considered by a trial court when determining whether an unequal distribution of marital property and divisible property is equitable. N.C. Gen. Stat. § 50-20(c)(1)-(12) (2023). "[I]f evidence is presented as to several statutory factors, the trial court must make findings as to each factor for which evidence was presented." *Rosario v. Rosario*, 139 N.C. App. 258, 261, 533 S.E.2d 274, 276 (2000) (citations omitted).

If the trial court decides "to divide a marital estate other than equally, the trial court must first find that an equal division is not equitable and explain why." *Lucas v. Lucas*, 209 N.C. App. 492, 504, 706 S.E.2d 270, 278 (2011). "[T]here is no case law

requiring a trial court to use 'magic words' indicating that an equal distribution is not equitable[.]" *Carpenter v. Carpenter*, 245 N.C. App. 1, 14, 781 S.E.2d 828, 838-39 (2016).

"The weight given each factor, however, is within the discretion of the trial court, and the trial court is not required to specifically state the weight given each factor to 'support the determination' an equitable distribution has been made." *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 395, 545 S.E.2d 788, 794 (2001) (quoting *White*, 312 N.C. at 777-78, 324 S.E.2d at 833). "Additionally, the weight given each factor by the trial court must be upheld on appeal absent a showing of abuse of discretion." *Id.* (citation omitted).

Here, the trial court recited each of the twelve statutory factors listed in N.C. Gen. Stat. § 50-20(c), but it provided no other rationale explaining why an unequal distribution was equitable. "[A] finding stating that the trial court has merely given 'due regard' to the section 50-20 factors is insufficient as a matter of law." *Rosario*, 139 N.C. App. at 262, 533 S.E.2d at 276 (citations omitted). The trial court must "explain why" an unequal distribution is equitable. *Lucas*, 209 N.C. App. at 504, 706 S.E.2d at 278. That portion of the order is vacated and remanded to the trial court to make additional findings of facts on the evidence presented and supported conclusions explaining which N.C. Gen. Stat. § 50-20(c) factors it relied upon and why an unequal distribution is equitable, or otherwise order an equal distribution. *Id.*

## VI.  Conclusion

Husband is bound by his pre-trial stipulation, which listed Abundant Life's purported bank accounts as marital property. *Wall*, 140 N.C. App. at 310-11, 536 S.E.2d at 652. That portion of the order is affirmed. The portion of the order pertaining to unequal distribution is vacated and remanded to the trial court to make supported findings regarding which of the twelve N.C. Gen. Stat. § 50-20(c) factors it relied upon and conclusions to show why an unequal distribution is equitable, or otherwise order an equal distribution. *See Lucas*, 209 N.C. App. at 504, 706 S.E.2d at 278. *It is so ordered.*

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.

Judges HAMPSON and FLOOD concur.

Report per Rule 30(e).