HAROLD EDWARD STITH v. MALCOLM PERDUE

No. 7021DC14

(Filed 25 February 1970)

1. Automobiles § 55— negligence in stopping on highway — sufficiency of evidence

   In this action for personal injuries and property damage which occurred when plaintiff's car left the highway and overturned after defendant's car stopped suddenly in front of plaintiff, the evidence *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in stopping on the highway without seeing that such movement could be made in safety and without giving the required signal in violation of G.S. 20-154, where plaintiff's evidence tends to show that after a camper trailer in

front of defendant had completed a right turn and had cleared the highway by 30 feet, defendant's car came to an abrupt stop in the highway in front of plaintiff without any hand signal, brake lights or warning whatsoever, and that plaintiff's car left the road in trying to avoid defendant's car, and defendant testified that the brakes on his automobile suddenly failed when he attempted to use them about 12 car lengths behind the turning camper, that when he was about two car lengths behind the camper, he pulled up his emergency brake and his car came to a sharp stop, and that he didn't think about giving any signal.

**2. Automobiles § 76— contributory negligence — accident while avoiding stopped vehicle**

In this action for personal injuries and property damage which occurred when plaintiff's car left the highway and overturned after defendant's car stopped suddenly in front of plaintiff, plaintiff's evidence does not disclose contributory negligence as a matter of law, but presents a jury question, where some of his evidence tends to show that plaintiff applied his brakes when defendant negligently stopped his car on the highway in front of plaintiff in violation of G.S. 20-154, that plaintiff's car went into a skid, and that plaintiff lost control thereof when he pulled to his left to avoid striking defendant's stopped car.

**3. Appeal and Error § 30— striking of entire answer competent in part**

In this action arising out of an automobile accident, the trial court erred in striking defendant's entire answer to a question on direct examination as to how the accident happened, where there were four separate sentences in the answer, each containing separate factual information, and some of the answer was clearly admissible.

**4. Appeal and Error § 49— exception to exclusion of evidence — failure to show what evidence would have been**

An exception to the exclusion of evidence will not be considered when the record fails to disclose what the excluded evidence would have been.

APPEAL by plaintiff from *Clifford, District Judge,* 30 June 1969 Session of the District Court held in FORSYTH County.

This is a civil action by plaintiff, Harold Edward Stith, (Stith) seeking to recover of the defendant, Malcolm Perdue, (Perdue) for property damages and personal injuries alleged to have been received in an automobile accident on 27 July 1967. Stith alleges that he was injured and his automobile damaged by the actionable negligence of Perdue; that Perdue was operating an automobile on the public highways with improper brakes and stopped on the highway in front of Stith's automobile without giving any signal of his intention to stop. Perdue denied that Stith was injured or his automobile damaged as a result of Perdue's negligence. Perdue also pleads contributory negligence on the part of Stith by alleging that Stith was following too closely, failed to keep a proper lookout, failed to main-

tain control of his automobile, and drove his automobile in a reckless manner and at excessive speed resulting in its turning over into a ditch.

At the close of all the evidence, the trial court allowed Perdue's motion for judgment of nonsuit. Stith assigned error and appealed.

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and David A. Irvin for plaintiff appellant.*

*Deal, Hutchins & Minor by William K. Davis and Edwin T. Pullen for defendant appellee.*

MALLARD, C.J.

Stith, as plaintiff's only witness, testified in substance, except where quoted, that on the date alleged he was traveling West in his 1962 Rambler automobile on Highway 421 in Forsyth County; that the speed limit there was fifty-five miles per hour; that there were three vehicles going in the same direction; that Stith's automobile was approximately two hundred feet behind the middle car of the three vehicles; that the automobile Perdue was operating was the middle vehicle and was approximately two hundred feet behind the front vehicle which was a camper trailer (trailer); that Stith was traveling at a speed of approximately fifty to fifty-five miles per hour; and that the three vehicles were approaching a school yard at the crest of a hill. Stith stated:

> "He turned. I saw his turn signal. I took my foot off the accelerator so as to let my car decelerate; and the trailer cleared the road by approximately thirty feet, and suddenly Mr. Perdue's car came to a very abrupt stop without any hand signal, any brake lights, any warning whatsoever. At this time I took action, trying to attempt to stop myself. In doing so I had to keep in mind there was a curve just beyond this point — a blind curve — which I could not tell whether there would be cars coming in this direction. As soon as I could see beyond his car, I attempted to pass him and in doing this, the car became uncontrollable and slipped into the ditch on the other side. When I first saw Mr. Perdue's car come to an abrupt stop, I was approximately one hundred ten feet from it."

Stith also testified in substance that there was no contact between his automobile and the automobile of Perdue. On cross-examination Stith testified that when he saw Perdue's car stopping, he applied his brakes and his car started skidding and had skidded 80 feet or

more when the front end went into the ditch and the car turned on its side. Stith's automobile went into the ditch before it reached the point where Perdue's automobile was stopped in the highway. Stith received injuries and his automobile was damaged as a result thereof.

Perdue, as the defendant's only witness, testified that the brakes on the automobile he was driving suddenly failed to work when he attempted to use them at a point about twelve car lengths behind the trailer; that when he was about two car lengths behind the trailer and traveling at a speed of about "ten, fifteen, twenty" miles per hour, he pulled up his hand or emergency brake and his automobile came to a "real sharp stop." Perdue testified on cross-examination that:

"When I realized I didn't have any brakes, I did not notice Mr. Stith was behind me. I did not notice before that he was behind me. He said he had been following me for about a mile. When I realized my brakes weren't working, I didn't think about giving any signal back to him."

The rule as to how the evidence of defendant's negligence is to be considered on defendant's motion for nonsuit is stated by Justice Huskins in the case of *Clarke v. Holman*, 274 N.C. 425, 163 S.E. 2d 783 (1968), as follows:

"On motion to nonsuit, all the evidence which tends to support plaintiff's claim must be taken as true and considered in its light most favorable to plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom. *Homes, Inc. v. Bryson*, 273 N.C. 84, 159 S.E. 2d 329; *Insurance Co. v. Storage Co.*, 267 N.C. 679, 149 S.E. 2d 27. Contradictions and discrepancies are resolved in plaintiff's favor. *Watt v. Crews*, 261 N.C. 143, 134 S.E. 2d 199; *Nixon v. Nixon*, 260 N.C. 251, 132 S.E. 2d 590; *Smith v. Corsat*, 260 N.C. 92, 131 S.E. 2d 894; *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 130 S.E. 2d 281. Defendant's evidence which contradicts that of the plaintiff, or tends to show a different state of facts, is ignored. *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307. Only that part of defendant's evidence which is favorable to plaintiff can be considered. *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330." See also *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969).

G.S. 20-154 requires a motorist intending to stop on a highway to see that such a movement can be made in safety and to give the signal required by such statute when the operation of any other vehicle may be affected.

**[1]**    Applying the foregoing rules of law to the factual situation in the case before us, we hold that there was ample evidence of defendant's negligence in stopping on the highway, in violation of G.S. 20-154, to require submission of this case to the jury on that phase of the case.

The rule as to how the evidence of plaintiff's contributory negligence is to be considered on defendant's motion for nonsuit is set out in the case of *Atwood v. Holland,* 267 N.C. 722, 148 S.E. 2d 851 (1966), as follows:

> "In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and defendant must assume the burden of proving his allegation of contributory negligence. G.S. 1-139 and annotations thereon. Therefore, a motion for judgment of compulsory nonsuit upon the ground of contributory negligence should be allowed only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, together with inferences favorable to him which may be reasonably drawn therefrom, so clearly establishes the defense of contributory negligence that no other conclusion can reasonably be drawn. *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38, and authorities cited."

**[2]**    Some of the evidence for the plaintiff tends to show that for some unstated reason Stith lost control of his automobile while attempting to pass Perdue's stopped automobile. However, some of the testimony elicited from Stith tends to show that Stith applied his brakes because Perdue negligently stopped his automobile in front of him; that Stith's car went into a skid; and that he lost control thereof when he pulled to his left to avoid striking Perdue's stopped automobile. We think the evidence on this record presents questions for the jury as to whether the negligence of the defendant Perdue was a proximate cause of the occurrence and whether Stith was contributorily negligent. We hold that contributory negligence on the part of the plaintiff has not been so clearly established by his evidence that no other conclusion can reasonably be drawn therefrom.

**[3]**    Plaintiff assigns as error the action of the court in allowing defendant's motion to strike a portion of the evidence. This assignment of error is based on plaintiff's exception number one which was taken on the direct examination of Stith under the following circumstances:

> "Q.   If you would go ahead now and state how the accident happened.

A.  Three vehicles were approaching the school yard at the crest of the hill, a steep hill, however. It is an elevation of about twenty to twenty-five feet as you come up the hill. The trailer was attempting to make a right turn on to the school yard. Regarding the separation of the three cars, I could see no reason why he couldn't do that safely.

MR. DAVIS:  Objection.

MR. PULLEN:  Objection, move to strike.

THE COURT:  Strike it out, and the plaintiff, in apt time, excepts.

EXCEPTION NO. 1."

The motion to strike and the ruling thereon was not limited to any particular portion of the answer but applied to the entire answer. Some of the answer was clearly admissible. There were four separate sentences in the answer, each containing separate factual information. While the meaning of the last sentence is not clear, and therefore its exclusion alone would not constitute prejudicial error, we think the exclusion of the entire answer was prejudicial error. "Objections to evidence *en masse* will not ordinarily be sustained if any part is competent." *State v. Brooks*, 260 N.C. 186, 132 S.E. 2d 357 (1963). "The rule is that where a question asked a witness is competent, exception to his answer, when incompetent in part, should be taken by motion to strike out the part that is objectionable." *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196 (1953).

[4]  Plaintiff assigns as error the failure of the court to permit him to cross-examine the defendant in regard to whether he had pleaded guilty to having improper brakes "as a result of the incident" involved in this action. The record does not reveal what the answer would have been. An exception to the exclusion of evidence will not be considered when the record fails to disclose what the excluded evidence would have been. *Heating Co. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966).

For the reasons stated, we are of the opinion and so hold that the case should have been submitted to the jury and that the trial judge committed error in allowing the defendant's motion for judgment as of nonsuit.

Reversed.

MORRIS and VAUGHN, JJ., concur.