JOHN A. BARRINGER v. L. H. WEATHINGTON AND BILLIE
WEATHINGTON

No. 7112SC327

(Filed 14 July 1971)

1. **Boundaries § 10— description in deed — insufficiency of description**

   Description in a deed which referred to the tract in question as
   "containing 40 acres entered by Hugh Simpson" was patently am-
   biguous and could not be aided by parol evidence.

2. **Trial § 3— motion for continuance — failure to make formal motion**

   A plaintiff who made no formal motion for continuance cannot com-
   plain on appeal that the trial judge failed to grant him a continuance.

3. **Appeal and Error § 30— exclusion of evidence — failure to show what
   the excluded evidence would have been**

   An exception to the exclusion of evidence will not be considered
   when the record fails to disclose what the excluded evidence would
   have been.

4. **Rules of Civil Procedure § 50— motion for directed verdict — considera-
   tion of evidence**

   On a motion for a directed verdict at the close of plaintiff's evi-
   dence, the trial judge must determine whether the evidence, taken in
   the light most favorable to plaintiff and given the benefit of every
   reasonable inference, was sufficient to withstand defendants' motion
   for directed verdict.

5. **Adverse Possession § 17— color of title — fitting description of deed to
   the boundaries — sufficiency of proof**

   The description in the deed under which a plaintiff relies for color
   of title must fit the boundaries of the land claimed, and the failure
   to establish the boundaries by sufficient proof merits dismissal of
   plaintiff's claim.

APPEAL by plaintiff from *Cooper, Judge,* 2 November 1970
Session of CUMBERLAND County Superior Court.

Plaintiff instituted this action seeking damages for tres-
pass and seeking removal of a cloud from his title. Plaintiff
alleged that the defendants and their agents entered upon his
land without permission, cut and removed timber and stumps
from the land, and disced and destroyed the roads and paths of
the plaintiff. Plaintiff alleged that the value of the timber and
stumps was in excess of $4,000.00 and prays for recovery of
double the value of the timber and stumps pursuant to G.S.
1-539.1. Plaintiff also alleged that, upon information and belief,
defendants claim title to the land of plaintiff and prays that

the cloud of defendants' adverse claim be removed from his title to the property and that he be declared the owner in fee simple of the property.

Plaintiff asserts title to two contiguous tracts of land in Beaverdam Township, Cumberland County, one tract consisting of forty acres more or less, and the other consisting of fifty acres more or less. As to the forty-acre tract, plaintiff introduced evidence attempting to show title by a record chain of title back to the State and by the adverse possession of one Mary J. Smith and her heirs, plaintiff's predecessors in title, under either the twenty-year statute or the seven-year statute. As to the fifty-acre tract, plaintiff admitted that he could not show title by a record chain of title back to the State but he introduced evidence attempting to show title by the adverse possession of Mary J. Smith and her heirs, plaintiff's predecessors in title.

At the close of plaintiff's evidence, the trial judge directed a verdict in favor of defendants and plaintiff appealed to this Court.

*MacRae, Cobb, MacRae & Henley by James C. MacRae for plaintiff appellant.*

*Williford, Person & Canady by N. H. Person for defendant appellee.*

CAMPBELL, Judge.

[1] Plaintiff's first assignment of error is directed at the refusal of the trial judge to admit plaintiff's Exhibit No. 11 into evidence. Plaintiff's Exhibit No. 11 purports to be a deed from one Hugh Simpson to Sarah J. Hales and is essential if plaintiff is to prove a record chain of title back to the State. The purported deed attempts to convey 10 tracts of land to Sarah J. Hales, the eighth tract being the one pertinent to this action and described as follows: "containing 40 acres entered by Hugh Simpson."

A deed or contract to convey land must identify the land or furnish the means of identifying it with certainty by reference to something extrinsic. *Supply Co. v. Nations*, 259 N.C. 681, 131 S.E. 2d 425 (1963). The only requisite as to the certainty of the thing described is that there be no patent am-

biguity in the description. *Norton v. Smith,* 179 N.C. 553, 103 S.E. 14 (1920). There is a patent ambiguity when the terms of the writing leave the subject of the conveyance, the land, in a state of absolute uncertainty, and refer to nothing extrinsic by which it might possibly be identified *with certainty. Lane v. Coe,* 262 N.C. 8, 136 S.E. 2d 269 (1964). When the language is patently ambiguous, parol evidence is not admissible to aid the description. *Lane v. Coe, supra.*

Here, the description, "containing 40 acres entered by Hugh Simpson" neither identifies the land in itself nor does it furnish the means of identifying *with certainty* by reference to something extrinsic. Plaintiff contends that the words "entered by Hugh Simpson" indicate that Hugh Simpson acquired the land by way of a grant from the State and that the land conveyed by the deed is capable of description with certainty by evidence showing that Hugh Simpson received only one forty-acre grant from the State. We disagree. First, the testimony that plaintiff would have given to the jury to show only one forty-acre grant by the State to Hugh Simpson was itself insufficient to accomplish that purpose. In his testimony, taken out of the presence of the jury, plaintiff stated that he found fifteen or twenty grants in the office of the Secretary of State to Hugh Simpson. He also stated: " . . . I found tracts, fifty acres and thirty-eight, or very similar in size." Plaintiff testified that he checked for grants to Hugh Simpson in the period of time from approximately 1719 to 1850. As the deed from Hugh Simpson to Sarah J. Hales was made in 1857, it appears that there was a seven-year period during which Hugh Simpson could have received further grants from the State. Plaintiff did not know the initials of Hugh Simpson and did not check grants to Simpsons with other initials. Plaintiff's testimony was not sufficient to show that Hugh Simpson received only one forty-acre grant from the State.

But even if plaintiff could have shown that Hugh Simpson received only one forty-acre grant from the State, this would not have been sufficient to describe the land with certainty. Hugh Simpson received many other grants of varying sizes. The description given in the purported deed does not preclude the possibility that the 40 acres Hugh Simpson attempted to convey to Sarah J. Hales was a portion of a larger grant entered by Hugh Simpson. As the purported deed was patently ambiguous, the trial judge properly refused to admit it into evidence.

Barringer v. Weathington

[2]   Plaintiff next assigns as error the failure of the court to grant a continuance when one of plaintiff's witnesses was unavailable due to illness. But the record does not reveal a motion on the part of plaintiff for a continuance. The record does reveal the following:

> "Court: [Referring to the sick witness] . . . Now, if his testimony is not going to be available this week, what do you want to do, Mr. Paderick?

> Attorney Paderick: I would have to move for a continuance until I could locate someone else that could testify.

> . . .

> Court: Do you consider his testimony vital to making out the case?

> Attorney Paderick: Yes, unless I can find someone else to testify.

> Court: I will allow you time to do so. How long do you think it will take to find such a person? . . . "

Plaintiff's attorney never actually moved for a continuance and did not inform the court of the length of time needed to find another witness although the court indicated a willingness to grant additional time. Even had a motion for a continuance been made, the granting or refusing of such a motion is in the sound discretion of the trial judge and his decision will not be disturbed absent a clear abuse of discretion. *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970). No abuse of discretion is shown here.

[3]   Plaintiff's third assignment of error is directed at the court's refusal to allow one of plaintiff's witnesses to testify as to who had possession of the Mary J. Smith forty-acre tract of land. The record does not reveal what the witness' answer would have been. An exception to the exclusion of evidence will not be considered when the record fails to disclose what the excluded evidence would have been. *Stith v. Perdue,* 7 N.C. App. 314, 172 S.E. 2d 246 (1970), *cert. denied,* 276 N.C. 498 (1970).

[4]   Plaintiff's last assignments of error are directed at the granting of defendants' motion for a directed verdict and at the signing and entry of judgment. On a motion for a directed verdict at the close of plaintiff's evidence, the trial judge must

Barringer v. Weathington

determine whether the evidence, taken in the light most favorable to plaintiff and giving it the benefit of every reasonable inference, was sufficient to withstand defendants' motion for directed verdict. *Anderson v. Mann*, 9 N.C. App. 397, 176 S.E. 2d 365 (1970), *cert. denied*, 277 N.C. 351 (1970). We are of the opinion that the motion for a directed verdict was properly granted. As previously mentioned, plaintiff was unable to show record title back to the State in regard to the forty-acre tract. Thus, in order to get to the jury, plaintiff had to establish title by other means. He sought to do this by showing that he acquired title to the two tracts of land by adverse possession of himself and of Mary J. Smith and her heirs, plaintiff's predecessors in title.

Adverse possession "consists in actual possession with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit affording unequivocal indication to all persons that he is exercising thereon the dominion of owner." *Price v. Tomrich Corp.*, 275 N.C. 385, 167 S.E. 2d 766 (1969). A party claiming under adverse possession must show possession under known and visible boundaries. G.S. 1-38; G.S. 1-39; *McDaris v. "T" Corporation*, 265 N.C. 298, 144 S.E. 2d 59 (1965).

[5] In order to show that he acquired title by way of adverse possession, plaintiff relied on the testimony of William Hales, Jasper Hales and Fleet Hales. But their testimony was not sufficient to go to the jury. While both William Hales and Fleet Hales, testified that they were familiar with the property and could go around the boundaries of the property by following old chop lines made by old surveys, in no instance were the boundaries described by the witnesses fitted to the description in the deed which plaintiff contends covers the land. When a party offers a deed into evidence which he intends to use as color of title, he must, in order to give legal efficacy to his possession, prove that the boundaries described in the deed cover the land in dispute. He must not only offer the deed

upon which he relies for color of title, he must by proof fit the description in the deed to the land it covers in accordance with appropriate law relating to course and distance, and natural objects and other monuments called for in the deed. *McDaris v. "T" Corporation, supra.*

The testimony of the witnesses fails to establish adverse possession for the requisite periods of time under either the seven-year statute under color of title or the twenty-year statute. At most, the witnesses' testimony shows possession of the land and exercise of dominion over it for sporadic periods falling short of the statutory minimums. The only period in which plaintiff's predecessors in title could be construed to be exercising ownership was 1930-34 when Mary J. Smith's sons cut timber from the land.

Fleet Hales testified as to the period around 1907-1908. He testified that he worked turpentine on the forty-acre tract in 1907 and 1908 for Mary J. Smith; that Ashley and Frank Hall worked turpentine for Mary J. Smith for three years prior to that; and that George and Leslie Hall worked turpentine for Mary J. Smith for three years after that. Although this testimony could have been enough to show ownership for seven years under color of title, the witness was unable to relate the boundaries under which he knew the land to the description in the deed which plaintiff introduced to show color of title. Nowhere was any evidence given that would show exercise of acts of dominion over the land for twenty continuous years.

The trial judge correctly granted defendants' motion dismissing plaintiff's action.

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.