STATE OF NORTH CAROLINA v. MELVIN EARL BROWN

No. 733SC569

(Filed 9 January 1974)

1. Criminal Law § 167; Searches and Seizures § 3— validity of search warrant — review by issuing judge — no error

There is no statutory or constitutional proscription in this State against a judge's presiding at a hearing to review the validity of a search warrant issued by that judge, and defendant in this case has failed to show that he was prejudiced by such procedure.

2. Searches and Seizures § 3— reliability of informer — general allegation in affidavit sufficient

An affidavit which stated that "The affiant received information from a reliable informant who in the past has provided reliable information concerning the drug traffic in Greenville . . . " provided a sufficient statement of the underlying circumstances from which the affiant concluded the informant was reliable to support issuance of a search warrant.

3. Criminal Law § 168— possession of pistol without permit — nonsuit granted — subsequent charge harmless error

In a prosecution for possession of heroin, possession of phenobarbital, possession of a weapon without a permit and resisting officers, where the trial court granted defendant's motion for nonsuit on the charge of possession of a pistol without a permit but subsequently charged the jury that the evidence tended to show that a pistol was found in defendant's pocket, error, if any, was harmless in the light of the other evidence of defendant's possession of heroin.

APPEAL from Tillery, Judge, 12 March 1973 Session of PITT County Superior Court.

Defendant was charged with possession of heroin and with three misdemeanors—possession of phenobarbital, possession of a weapon without a permit, and resisting officers. The four charges were consolidated for trial in District Court. Defendant was found guilty of the three misdemeanor charges and probable cause was found as to the charge of possession of heroin. Defendant gave notice of appeal to Superior Court, and the cases were consolidated for trial. Judgment as of nonsuit was entered in the three misdemeanor cases, and defendant was found guilty of possession of heroin.

The evidence presented at the trial tended to establish the following:

Greenville Police Officers, acting on the information of a confidential informant, obtained from Judge Whedbee a warrant

to search the persons and premises of Delores Vines and Melvin Brown. Pursuant to the warrant, they proceeded to the premises and observed two people who came to the front door, looked out the window and ran to the back of the house. The officers identified themselves and forced the front door open. They forced the kitchen door open and attempted to take a brown paper bag from Brown. The bag was dropped in the struggle and when it was recovered, it was found to contain 13 glassine bags containing a white powdery substance, identified by the S.B.I. as heroin.

The officers stated that there were three black males in the room in addition to Brown and Miss Vines at the time of the seizure, and they identified Brown as one of the persons they observed looking out the window.

From judgment committing him to a term of five years in the custody of the State Department of Corrections, defendant appeals.

*Attorney General Morgan, by Associate Attorney Raney, for the State.*

*Williamson and Shoffner, by Robert L. Shoffner, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant assigns error to the denial of his motion to dismiss all charges on the ground that he was denied a fair and impartial trial and preliminary hearing because the judge who issued the search warrant also presided at the trial and preliminary hearing. There is no merit to this assignment of error. The three misdemeanor charges were nonsuited upon trial de novo, so defendant has not been prejudiced in that respect. Defendant has likewise failed to show that he has been prejudiced with respect to the heroin charge. There is no statutory or constitutional proscription in North Carolina against a judge's presiding at a hearing to review the validity of a search warrant issued by that judge. While it is the better practice to allow a different judge to rule upon the validity of such a warrant, it does not appear of record that defendant objected to this procedure. Nor can defendant show that a different judge would have ruled in defendant's favor on the issue of probable cause.

[2] Defendant next assigns error to the denial of his motion to suppress the evidence seized pursuant to the search warrant

in that it was based on a defective affidavit. Specifically, he contends that the affidavit fails to meet the probable cause test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964), inasmuch as it does not provide a sufficient statement of the underlying circumstances from which the affiant concluded the informant was reliable. The affidavit states:

> "The affiant received information from a reliable informant who in the past has provided reliable information concerning the drug traffic in Greenville . . . "

In *State v. Ellington,* 284 N.C. 198, 202 S.E. 2d 177 (1973), the Supreme Court refused to hold that the following language in an affidavit was insufficient under *Aguilar v. Texas, supra,* to establish the reliability of a confidential informant:

> "Deputy Simmons advises that his informer is 100% reliable, and that information obtained from this same informant recently led to the confiscation of 120,000 Barbiturates recently in New York City."

The obvious distinction between the affidavit in *Ellington, supra,* and the affidavit before us is that the former refers— although generally — to a specific instance of information whereas the latter refers only to a general pattern of information. Nevertheless, we hold that this affidavit is sufficient under *Aguilar v. Texas, supra,* and *State v. Ellington, supra.*

> "[T]he Fourth Amendment's commands, like all constitional requirements, are practical and not abstract. If the teaching of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *State v. Ellington, supra,* at 204, [quoting *U. S. v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed. 2d 684 1965)].

[3] Defendant's final assignment of error is to the court's charging the jury that the evidence tended to show that a pistol was found in defendant's pocket. This charge was made after the court granted defendant's motion for nonsuit on the charge of possession of a pistol without a permit. Nevertheless, defendant has failed to sustain his burden of showing prejudice. It is not sufficient that appellant show error; he must show that it was prejudicial to him and that a different result would likely have ensued absent the error. *State v. Bass*, 280 N.C. 435, 186 S.E. 2d 384 (1972); *State v. Crump*, 280 N.C. 491, 186 S.E. 2d 369 (1972). The error—if any—was harmless in light of the other evidence of defendant's possession of the heroin.

Affirmed.

Judges HEDRICK and VAUGHN concur.