DR. VERA R. LACHMANN v. ELIZABETH S. BAUMANN, EXECUTRIX OF THE ESTATE OF FRED C. BAUMANN, AND ELIZABETH S. BAUMANN, INDIVIDUALLY

No. 7424DC257

(Filed 19 June 1974)

1. **Boundaries § 15— boundary dispute — adverse possession — superior title from common source**

In an action to establish the true boundary line between the lands of plaintiff and defendants, the evidence was sufficient to support the trial court's determination that plaintiff held title to the land in controversy by reason of her adverse possession of the land for a period of twenty years and by reason of her showing of superior title to the land from a common source.

2. **Boundaries § 14— boundary dispute — plat from court survey**

In an action to establish the true boundary line between the lands of plaintiff and defendants, the trial court did not err in admitting the plat made from a survey of the lands ordered by the court and in permitting the witnesses to testify by referring to the plat.

3. **Appeal and Error § 37— inability to obtain verbatim transcript — agreed case on appeal**

Appellants are not entitled to a new trial by reason of their inability to obtain a verbatim transcript of the trial because the court reporter was unable to record the testimony in shorthand and her tape recorder was not working properly where the case on appeal was agreed upon by counsel for the parties.

APPEAL by defendants from *Briggs, District Court Judge,* 29 August 1973 Session of District Court held in WATAUGA County. Argued in the Court of Appeals 20 March 1974.

The record on appeal was agreed upon by counsel on 14 January 1974 and docketed in this Court on 23 January 1974. Mr. Fred C. Baumann, one of the defendants, died on 17 January 1974. Letters Testamentary were issued, on 8 March 1974, to Elizabeth S. Baumann as Executrix of the Estate of Fred C. Baumann. By Order entered in this Court, on 14 March 1974, said Executrix was substituted as a party defendant in the place of Fred C. Baumann.

Plaintiff instituted this action seeking: (1) an order declaring plaintiff to be the owner of the land described in the complaint; (2) an order restraining defendants from cutting shrubbery and trees and otherwise trespassing on plaintiff's property; and (3) damages from the past trespasses.

Defendants admitted plaintiff's ownership of the land described in the complaint, but denied they had trespassed thereon. Defendants asserted ownership of the land described in their answer and alleged the shrubbery and trees were cut by them from their own property.

The Court ordered a survey of the contentions of the parties. The plat prepared under the Court Order was used in evidence upon trial, and is now recorded in Watauga County in Plat Book 7, at page 84.

Plaintiff's title and defendants' title derive from a common source, and plaintiff's land and defendants' land have a common dividing line. Plaintiff's land lies generally south of defendants' land. Defendants' land lies generally north of plaintiff's land. The dividing line as contended by plaintiff is shown on the plat by a red line (from point red A to point red B) and lies approximately 322 feet north of the dividing line as contended by defendants. The dividing line as contended by defendants is shown on the plat by a green line (from point green A to point green B) and lies approximately 322 feet south of the dividing line as contended by plaintiff. The area in dispute is an approximate rectangle measuring north-south approximately 322 feet, and measuring east-west approximately 861 feet.

The trial judge, sitting without a jury, decreed that the northern border of plaintiff's land was the red line shown on

the plat (from point red A to point red B), and that the southern border of defendants' land was the red line shown on the plat. Thus, the trial court held that the true dividing line between plaintiff's property and defendants' property was the line as contended by plaintiff. The Court awarded damages to plaintiff for the trespass by defendants upon plaintiff's land lying between the red line and green line shown on the plat.

Defendants appealed.

*Holshouser & Lamm, by J. E. Holshouser, Sr., for plaintiff.*

*Townsend & Todd, and L. H. Wall, by Bruce W. Vanderbloemen, for defendants.*

BROCK, Chief Judge.

[1]   Plaintiff offered evidence which tended to establish, by two of the long approved methods, her title to the land in controversy. (1) She offered evidence tending to show open, notorious, continuous adverse possession under known and visible lines and boundaries for twenty years. (2) She offered evidence tending to connect plaintiff and defendants with a common source of title and to show in herself a better title from that source. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142. See G.S. 1-36 for elimination of need to show title out of the State.

Plaintiff also offered evidence which tended to establish her title by the long approved method of showing open, notorious, continuous adverse possession under known and visible lines and boundaries and under color of title, for seven years. However, in finding of fact number 11, the trial judge did not find that her possession under this method was under known and visible boundaries. See G.S. 1-38(a); *Barringer v. Weathington,* 11 N.C. App. 618, 182 S.E. 2d 239. Therefore, plaintiff's evidence under this method of showing title availed her nothing.

Nevertheless, either finding of fact number 10 or finding of fact number 12 is sufficient to support the judgment. In finding number 10, the trial judge found as a fact "that plaintiff and her predecessors in title have been in the actual, notorious, adverse, continuous and peaceable possession under known and visible lines and boundaries for more than twenty years prior to the institution of this action of the land" in controversy. In finding of fact number 12, the trial judge found as a fact "that plaintiff and the defendants hold their respective tracts of land

from a common source of title and that plaintiff has the superior and better title of all lands in controversy in this action." In our opinion, there was adequate, competent evidence to support both of these findings of fact.

[2]  Defendants assign as error that the trial judge admitted into evidence the plat made from the survey of the lands ordered by the Court, and in permitting the witnesses to testify by reference to the plat. The procedure followed by plaintiff in the identification of the plat and the introduction of the plat into evidence were proper. We see no merit in defendants' arguments about witnesses being allowed to testify by reference to the plat.

[3]  Defendants state in their brief that the main thrust of their appeal is their inability to obtain a verbatim transcript of the testimony of the witnesses. It appears from the record on appeal that the Court Reporter was unable to record the testimony in shorthand and that her tape recorder was not working properly. She states by affidavit that she is "unable to furinsh any portions of the testimony." Based upon this affidavit, defendants made a motion to the trial judge for a new trial. The motion was denied with the following comment: " . . . [T]he Court is of the opinion that the case on appeal in this case can be prepared and agreed upon or settled by the Court. . . " Indeed, the case on appeal was agreed upon by counsel, without resort to the trial judge for settlement. We are not inclined to disturb that agreement.

The judgment appealed from is

Affirmed.

Judges PARKER and BALEY concur.