Griffin v. Wheeler-Leonard & Co.

ROBERT J. GRIFFIN AND WIFE, FRANCES C. GRIFFIN v. WHEELER-
    LEONARD & CO., INC.; LONNIE E. WHEELER; M. D.
    FLETCHER, JR. AND WIFE, BONNIE T. FLETCHER, AND M. D.
    FLETCHER CONSTRUCTION COMPANY, INC.

No. 7414DC268

(Filed 3 July 1974)

1. Sales § 14— breach of warranty — exclusion of testimony — absence
   of prejudice
       In a breach of warranty action to recover for deficiencies in a
   house purchased by plaintiffs, including the accumulation of water
   in the crawl space under the house, plaintiffs were not prejudiced
   by the exclusion of testimony that they had never seen a house
   with a crawl space since the male plaintiff had given such testimony
   before objection, or by the exclusion of testimony that the part of
   Nevada where they formerly lived had an average rainfall of 3.56
   inches.

2. Sales § 14; Witnesses § 5— breach of warranty — exclusion of corrobor-
   ative evidence — directed verdicts — absence of prejudice
       In a breach of warranty action to recover for deficiencies in a
   house purchased by plaintiffs, plaintiffs were not prejudiced by the
   exclusion of letters written by them which were offered for the pur-
   pose of corroborating their testimony of defects in the house since
   the court directed verdicts for defendants and the effect of the cor-
   roborative evidence would be cumulative and would add nothing to
   plaintiffs' position relative to the directed verdicts.

3. Sales § 14; Witnesses § 7— breach of warranty — refusal to allow
   witness to use notes — absence of prejudice
       In a breach of warranty action to recover for deficiencies in a house
   purchased by plaintiffs, the court's refusal to allow plaintiff to testify
   as to defects in the house from a set of typewritten notes, while
   erroneous, was not prejudicial to plaintiffs since a different result
   would not likely have ensued.

4. Sales § 19— hearsay appraisal evidence — damages issue not reached
       In a breach of warranty action to recover for deficiencies in a
   house purchased by plaintiffs, the court's erroneous admission of
   hearsay testimony concerning an appraisal of the house by a person
   not in court was not prejudicial to plaintiffs where a verdict was
   directed in favor of defendants and an issue of damages was thus
   not reached.

5. Sales § 17— purchase of house — breach of warranty — insufficiency
   of evidence
       In an action to recover from the builder-vendor for deficiencies
   in a house purchased by plaintiffs, plaintiffs' evidence was insufficient
   to establish a right to recover under either express or implied war-
   ranty where they failed to present any evidence that the house as
   constructed was not suitable for habitation.

Griffin v. Wheeler-Leonard & Co.

APPEAL from *Moore, Judge,* 15 October 1973 Session, DUR-HAM County District Court. Argued in the Court of Appeals 28 May 1974.

Plaintiffs bought from defendants, M. D. Fletcher, Jr., and Bonnie T. Fletcher, a newly constructed residence in Blue-stone Estates Subdivision in Durham County. Plaintiffs allege that the house was constructed by M. D. Fletcher Construction Company, Inc., and that the sale was arranged by Wheeler-Leonard and Co., Inc., and its authorized agent, Lonnie E. Wheeler.

Plaintiffs further allege that once they moved into the house, they noticed many defects in the construction of the house. Among these alleged defects were the following: inade-quate drainage of the lot; cracking tile and masonry; improp-erly fitting garage door; leaks in the roof; the plumbing and the septic tank; and inadequate attic ventilation. In addition, they allege that there was an accumulation of water in the crawl space under the house. Defendant Wheeler told plaintiffs that the water would dry up, but at the time of the institution of this action, it had not.

Plaintiffs base their complaint on an express warranty made to them by Wheeler that the home in question was a qual-ity home and that it was constructed of quality materials. They allege that they relied on these misrepresentations—and the rep-resentation that the water in the crawl space would dry up—to their detriment. The complaint is also based on breach of implied warranty in that "inadequate measures were taken to assure positive drainage of basement less space . . ." in viola-tion of the building code. As a result of the alleged deficiencies, plaintiffs seek to recover the difference in fair market value of the dwelling as it should have been constructed and as it was actually constructed.

The evidence tended to show that plaintiffs had moved to Durham in 1970 from Southern Valley, just outside Las Vegas, Nevada. There was extensive testimony concerning the circum-stances surrounding the purchase of the house and the alleged deficiencies. There was testimony to the effect that the porosity of the soil in the Bluestone Estates area is such that it doesn't readily absorb water as well as the soil in other areas of Dur-ham County.

At the close of plaintiffs' evidence, directed verdict was granted with respect to M. D. Fletcher Construction Company, Inc. From this ruling there was no appeal. At the close of all the evidence, the court directed the verdict in favor of the remaining defendants. From the entry and signing of judgment, plaintiffs appealed.

*Powe, Porter, Alphin, and Whichard, P.A., by J. G. Billings, for plaintiff appellants.*

*Blackwell M. Brogden for defendant appellees.*

MORRIS, Judge.

[1]   Plaintiffs contend that the trial court erred in its refusal to allow plaintiffs to testify concerning the environmental conditions and the residential construction in the part of Nevada where they formerly resided. The record indicates that had plaintiffs' testimony been allowed it would have been to the effect that Southern Nevada had an average rainfall of 3.56 inches, and that plaintiffs had never seen a house with a crawl space. Plaintiffs have not been prejudiced by the exclusion of the testimony concerning crawl spaces, for Robert Griffin had, prior to objection of opposing counsel, testified that he didn't recall seeing a house with a crawl space in Southern Nevada. Nor have plaintiffs shown that the excluded testimony concerning rainfall prejudiced their case. This assignment of error is overruled.

[2]   Error is assigned also to the exclusion of letters written by plaintiffs to the Security Savings and Loan Association, the Ethics Committee of the Home Builders Association, and the Attorney General's Office. Plaintiffs take the position that these letters were admissible as corroboration of their testimony of the defects in the house. Assuming, *arguendo,* that the exclusion of these letters was error, plaintiffs could not have been prejudiced. Plaintiffs appeal from the granting of a directed verdict in favor of the adverse parties. In evaluating the sufficiency of the evidence to withstand such a motion, the trial court views plaintiffs' evidence in the light most favorable to them and gives them the benefit of all reasonable inferences arising therefrom. *Barringer v. Weathington,* 11 N.C. App. 618, 182 S.E. 2d 239 (1971). The effect of this corroborative evidence would be cumulative at best, and it would add nothing to plaintiffs' position relative to the directed verdicts. There has been no prejudice, and this assignment is likewise overruled.

[3]   Plaintiff next assigns error to the court's ruling that he could not testify from a set of typewritten notes concerning defects in the house. We agree that this testimony should have been allowed. However, we have stated many times that a showing of error will not suffice without a showing that absent the error a different result would likely ensue. *State v. Quick*, 20 N.C. App. 589, 202 S.E. 2d 299 (1974) ; *State v. Brown*, 20 N.C. App. 413, 201 S.E. 2d 527 (1974).

[4]   Plaintiffs are likewise correct in their contention that the trial court erred in allowing irrelevant hearsay testimony concerning an appraisal of the house made by a party not in court. However, we fail to see that there was any prejudice in this ruling. Prejudice from such evidence could only have been manifested in an award of damages by the jury. The possibility of such prejudice was extinguished with the directed verdict.

[5]   Finally, plaintiffs assign error to the directed verdicts in favor of defendants Wheeler-Leonard Company, Inc., M. D. Fletcher, and Bonnie Fletcher. As we have stated, there is no appeal from the directed verdict in favor of M. D. Fletcher Construction Company, Inc. With respect to the remaining defendants, we hold that the verdicts were properly directed. After a careful review of the evidence on the entire record, we conclude that plaintiffs have failed to present any evidence that the house as constructed was not suitable for habitation. On the contrary, plaintiff Robert Griffin testified that the house was livable. Thus, plaintiffs have not established their right to recover under an implied warranty of fitness for habitability held by us to exist in *Hartley v. Ballou*, 20 N.C. App. 493, 201 S.E. 2d 712 (1974). With respect to the alleged breach of express warranty, we hold that plaintiffs have likewise failed to establish that the house was unfit for habitation. The motions for directed verdict were properly granted in favor of all defendants.

No error.

Judges HEDRICK and BALEY concur.