STATE OF NORTH CAROLINA v. HAYWOOD EDWARDS

No. 748SC148

(Filed 7 August 1974)

1. **Criminal Law § 84; Searches and Seizures § 3— search warrant lost — proof of contents by photostatic copy**

    Where the original search warrant was shown to be lost, the trial court properly allowed the State to prove the contents of the warrant by a photostatic copy of the original which had been made by a deputy clerk of superior court.

2. **Searches and Seizures § 3— sufficiency of affidavit for warrant**

    An affidavit describing with particularity the house and vehicle allegedly containing nontaxpaid whiskey and stating that "A confidential and reliable informant who has given reliable information says that there is nontaxpaid whiskey at above location at this time" was sufficient to establish probable cause for issuance of a warrant to search for nontaxpaid whiskey.

    Judge PARKER dissenting.

APPEAL by defendant from *Rouse, Judge,* 27 August 1973 Session of Superior Court held in LENOIR County. Heard in the Court of Appeals 16 April 1974.

Defendant was charged in a warrant with unlawful possession of ten pints of tax-paid liquor for the purpose of sale. After trial and conviction in the District Court, he appealed to the Superior Court for trial *de novo* and again pled not guilty. The State's evidence showed: Deputy sheriffs, armed with a warrant to search defendant's house and Chevrolet station wagon, executed the search and found four pints of gin and six pints of whiskey in the station wagon. Defendant testified that

he owned eight pints of the liquor, which were found on the floorboard in the passenger compartment of the station wagon; but he denied any knowledge of two pints, which the officers testified they found in the spare tire section of the station wagon. Defendant denied possessing any of the liquor for the purpose of sale.

The jury found defendant guilty as charged; and from judgment imposed on the verdict, he appealed.

*Attorney General Robert Morgan, by Associate Attorney William A. Raney, Jr., for the State.*

*Turner & Harrison, by Fred W. Harrison, for the defendant.*

BROCK, Chief Judge.

[1]  On defendant's objection to evidence obtained by the search, a *voir dire* examination was held, from which it appeared that the original search warrant was not in the file and had not been seen since the case was tried in the District Court. The judge found as a fact that it was lost and, for purposes of passing upon its validity, considered a photostatic copy, which the State's witness testified had been made by a deputy clerk of court. In this procedure, we find no error. "Where the search is made under conditions requiring the issuance of a search warrant, and it is attempted, over objection, to justify the search and seizure by the possession of a valid search warrant in the hands of the searchers, the State must produce the search warrant, or, if it has been lost, the State must prove such fact and then introduce evidence to show its contents and regularity on its face, unless the production of the warrant is waived by the accused." *State v. McMilliam,* 243 N.C. 771, 773, 92 S.E. 2d 202, 204. There could hardly be better evidence of the contents of the search warrant than a photostatic copy made from the original, and the court properly considered the photostatic copy in the present case.

[2]  Defendant argues that the affidavit to obtain the search warrant is not sufficient to establish probable cause. The affidavit states that affiant, a deputy sheriff, has probable cause to believe that defendant had non tax-paid whiskey on his premises at Route 2, Grifton. The affidavit further states:

"The property described above is located On the Premises and in a 1965 Chevrolet described as follows: A red

frame farm house located 8/10 of a mile west of NC 11 on rural unpaved road 1714 and a 1965 Chevrolet station wagon Lic #EZM771. The facts which establish probable cause for the issuance of a search warrant are as follows: A confidential and reliable informant who has given reliable information says that there is non tax paid whiskey at above location at this time."

The affidavit describes the house and its precise location. It describes, with particularity, the make, style, year and license number of the vehicle. It further states that the contraband is at the described location at the time the affidavit was signed. It is obvious from the unequivocal information given by the informant that the accusation was not casual rumor, but was sufficiently substantial to justify a finding of probable cause by the magistrate.

Justice Higgins answered the argument urging technical requirements of elaborate specificity for affidavits to secure search warrants in *State v. Ellington,* 284 N.C. 198, 200 S.E. 2d 177. He quoted from opinions of the Supreme Court of the United States as follows:

"In *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584, the Court said: 'In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'

"The latest pronouncement on the question before us comes from the decision of the Supreme Court of the United States in *U. S. v. Harris,* 403 U.S. 573, 29 L.Ed. 2d 723, 91 S.Ct. 2075:

'In evaluating the showing of probable cause necessary to support a search warrant, against the Fourth Amendment's prohibition of unreasonable searches and seizures, we would do well to heed the sound admonition of *United States v. Ventresca,* 380 U.S. 102 (1965):

"[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not ab-

stract. If the teaching of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." 380 U.S., at 108.' "

No error.

Judge BALEY concurs.

Judge PARKER dissents.

Judge PARKER dissenting:

I agree that the contents of the search warrant were properly proved by use of the photostatic copy in this case, but I cannot find the warrant valid under *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964). Until those decisions are modified or overruled by the United States Supreme Court they are binding on this Court, and I am unable to join in simply ignoring their teachings. Our own Supreme Court in *State v. Campbell*, 282 N.C. 125, 129, 191 S.E. 2d 752, 755 (1972) has succinctly summarized these as follows:

"The affidavit [indicating the basis for the finding of probable cause by the issuing magistrate] may be based on hearsay information and need not reflect the direct personal observations of the affiant; *but the affidavit in such case must contain some of the underlying circumstances from which the affiant's informer concluded that the articles sought were where the informer claimed they were, and some of the underlying circumstances from which the affiant concluded that the informer, whose identity need not be disclosed, was credible and his information reliable.* [Citations omitted.]

"Whether the affidavit is sufficient to show probable cause must be determined by the issuing magistrate rather than the affiant. This is constitutionally required by the Fourth Amendment." (Emphasis added.)

The affidavit of the deputy sheriff on which the warrant was issued in the case now before us stated that the affiant had probable cause to believe that defendant had on his premises and in his vehicle certain property, to wit, non-tax-paid whiskey. It described the premises and vehicle to be searched with sufficient particularity, and then contains the following:

"The facts which establish probable cause for the issuance of a search warrant are as follows: A confidential and reliable informant who has given reliable information says that there is non tax paid whiskey at above location at this time."

No other facts were stated in the affidavit on which the warrant was issued and there is no suggestion in the record that any evidence other than that contained in the affidavit was furnished to the magistrate to support the finding of probable cause at the time the warrant was issued.

When the affidavit is examined in light of the holdings in *Aguilar* and *Spinelli*, I find that even if it be considered minimally sufficient to allow the magistrate to determine that the confidential informant was credible (see *State v. Brown*, 20 N.C. App. 413, 201 S.E. 2d 527), a point as to which I have considerable question, nevertheless it is totally deficient in that it contains none "of the underlying circumstances from which the affiant's informer concluded that the articles sought were where the informer claimed they were." *State v. Campbell*, *supra*. The majority opinion appears to lay stress upon the particularity with which the house and vehicle to be searched are described in the affidavit, but a search warrant to be constitutionally valid under the Fourth Amendment must in any event particularly describe the place to be searched, and one may easily be able to give an exact description of the exterior of a house or automobile without having the slightest information as to what is inside. The majority opinion also emphasizes that the affidavit "states that the contraband is at the described location at the time the affidavit was signed," and draws the conclusion that "[i]t is obvious from the unequivocal information given by the informant that the accusation was not casual rumor." The

conclusion drawn may be obvious to the majority. It is not to me. Quite incidentally, the unequivocal information which the majority here finds "sufficiently substantial to justify a finding of probable cause by the magistrate" turned out to be false. No non-tax-paid whiskey, the only contraband mentioned in the affidavit, was found.

If the majority opinion is correct in finding the search warrant in this case constitutionally valid to authorize a search for non-tax-paid whiskey, then the question is presented whether seizure of tax-paid whiskey not mentioned in the warrant and not inherently contraband was also authorized by the warrant. The problem presented is not without difficulty. See: 68 Am. Jur. 2d, Searches and Seizures, § 112, p. 768, 769. The majority opinion solves the problem by ignoring it.

I find error in the trial court's holding the search warrant valid and in admitting evidence of the tax-paid whiskey obtained by the search, for which I vote to award defendant a new trial.