SAMUEL Q. CURRENCE v. FAYE ALICE HARDIN

No. 7726DC477

(Filed 18 April 1978)

1. **Appeal and Error § 49.1— chiropractor's diagnosis excluded—failure of record to show what testimony would have been**

   In an action to recover damages for personal injury sustained by plaintiff in an automobile accident, plaintiff failed to show that he was prejudiced by the trial court's refusal to allow a chiropractor to testify with respect to his diagnosis of plaintiff, since plaintiff failed to include in the record what the chiropractor's testimony would have been if he had been allowed to testify.

2. **Rules of Civil Procedure § 59— motion for new trial—discretionary matter**

   A motion for a new trial under G.S. 1A-1, Rule 59(a)(6),(7) is addressed to the sound judicial discretion of the trial judge whose ruling in the absence of an abuse of discretion is not reviewable on appeal.

   Judge CLARK dissenting.

APPEAL by plaintiff from *Sentelle, Judge.* Judgment entered 4 March 1977 in District Court, MECKLENBURG County. Heard in the Court of Apeals 8 March 1978.

Plaintiff sued defendant for personal damages in the amount of $4,000 and property damages in the amount of $900 which he allegedly suffered as a result of an automobile accident caused by defendant's negligence. Defendant denied liability and asserted as a defense plaintiff's contributory negligence.

Plaintiff's evidence consisted of his testimony and the testimony of Dr. J. Timothy Logan, a chiropractor, who treated plaintiff for the injuries which he received. Plaintiff testified concerning his version of the accident and stated that immediately before the accident his 1970 Ford, which had been wrecked twice before and had approximately 86,000 miles on it, had a fair market value of $1,250 and immediately thereafter had a fair market value of $775; that he sold the car two months after the accident for $775 or $785; that he was treated once by a dentist for his injuries and 20 times by a chiropractor. Dr. Logan testified with respect to his treatment of plaintiff but was not allowed to state a diagnosis.

Defendant testified concerning her version of the accident.

The jury found for plaintiff and awarded him $300 for property damage but nothing for personal injuries. Plaintiff appealed.

*Paul J. Williams for plaintiff appellant.*

*Caudle, Underwood & Kinsey, by C. Ralph Kinsey, Jr., for defendant appellee.*

BRITT, Judge.

[1] By his first assignment of error, plaintiff contends the trial court erred in not allowing Dr. Logan to testify with respect to his chiropractic diagnosis of plaintiff. We find no merit in this contention.

In North Carolina chiropractors are allowed to testify as experts in their special field as defined and limited by statute. *Allen v. Hinson,* 12 N.C. App. 515, 183 S.E. 2d 852, *cert. denied* 279 N.C. 726, 184 S.E. 2d 883 (1971). The scope of testimony limited by the *Allen* case was recently expanded by G.S. 90-157.2. However, this statute is not applicable to the present case since it was not ratified until 1 July 1977. 1977 Session Laws C. 1109. (This case was tried in March 1977.) Nevertheless, we are unable to determine whether the proposed testimony of Dr. Logan comes within the case law standard in effect at the time of trial because plaintiff failed to include in the record what Dr. Logan's testimony would have been if he had been allowed to testify. "An exception to the exclusion of evidence will not be sustained when it is not made to appear what the excluded evidence would have been. *Heating Co. v. Construction Co.,* 268 N.C. 23, 149 S.E. 2d 625 (1966)." *State v. Hedrick,* 289 N.C. 232, 237, 221 S.E. 2d 350, 354 (1975). *See Clark v. Clark,* 23 N.C. App. 589, 209 S.E. 2d 545 (1974), *Barringer v. Weathington,* 11 N.C. App. 618, 182 S.E. 2d 239 (1971).

[2] By his second assignment of error, plaintiff contends the trial court erred in failing to grant his Rule 59 motion to set aside the verdict and grant a new trial. We find no merit in this assignment.

We note that at trial plaintiff moved that the verdict be set aside and a new trial be granted on the ground that errors were committed in the trial. On appeal plaintiff does not argue this ground but argues that the court should have granted his motion

on the grounds that the verdict was inadequate and against the greater weight of the evidence.

Assuming, *arguendo*, that plaintiff has properly presented the question he argues in his brief, we conclude that it has no merit. A motion for a new trial under Rule 59(a)(6),(7) is addressed to the sound judicial discretion of the trial judge, whose ruling in the absence of an abuse of discretion is not reviewable on appeal. *Goldston v. Chambers*, 272 N.C. 53, 157 S.E. 2d 676 (1967); *Redevelopment Commission v. Holman*, 30 N.C. App. 395, 226 S.E. 2d 848, *cert. denied* 290 N.C. 778, 229 S.E. 2d 33 (1976); *In re Brown*, 23 N.C. App. 109, 208 S.E. 2d 282 (1974). We perceive no abuse of discretion in this case.

No error.

Judge ERWIN concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The trial court sustained defendant's objection to the following question: Would you state what your chiropractic diagnosis was after your initial examination of Mr. Currence on this occasion? In my opinion this was prejudicial error.

Dr. Logan examined plaintiff in his office on the same day of the collision in question and regularly thereafter. He previously testified that he had made an initial chiropractic diagnosis. After the ruling of the trial court, the jury was excused for the purpose of discussing the ruling; the trial judge referred to *Allen v. Hinson*, *supra*, and stated: "I don't think you can get the diagnosis in unless you have competent medical evidence. . . . I don't think you can go any further with this doctor."

I am aware of the basic rule that an exception to an exclusion of evidence will not be sustained when it is not made to appear what the excluded evidence would have been, but this basic rule does not apply when the exclusion is based on the competency of the witness to testify as distinguished from the admissibility of his testimony. Stansbury's N.C. Evidence (Brandis Ed.) § 26.

In re Johnson

The question asked for his opinion as to plaintiff's injury or condition within the scope of the field of chiropractic, and not far beyond this field as in *Allen v. Hinson, supra.* Dr. Logan was qualified and competent to answer the question and should have been allowed to do so. I vote to reverse and remand for a new trial.