## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Taft Alexander Walker

April 5, 1990

By JUDGE DIANE McQ. STRICKLAND

The issues to be decided are whether there existed probable cause for a warrantless arrest of the defendant and whether the show-up identification of the defendant by the victim was unduly suggestive and unreliable.

The facts before the Court are that on a cold December evening, after dark, a citizen reported to Officer Ollie that there was a woman yelling for help at the intersection of First Street and Franklin Road. Officer Ollie traveled two blocks to the lighted intersection and encountered a woman being assisted out of the street. She indicated that a tall, slender, black male had snatched her purse which contained $160 to $170, and that he had proceeded north on First Street. Officer Ollie put out a radio description; however, at the time of hearing, he could not recall what clothing description might have been broadcast.

Officer Newton observed a tall, thin, black male wearing a long overcoat, blue jeans, and a black stocking cap running on Jefferson Street some three blocks from the scene of the purse snatching. Officer Newton's recollection was that the broadcast included reference to blue jeans and a black stocking cap. Officer Newton stopped the defendant and requested identification which was provided. The defendant stated that he was running to catch a bus at the station two blocks ahead. The defendant did not have the purse on him nor any other property belonging to the victim. The only cash on his person was approximately $166 in his wallet. Also found on the defendant was a

pay stub from that week indicating he had received $168.38 from his employer.

Officer Ollie arrived on the scene in the police car with the victim within five minutes from the time of defendant's stop. Officer Newton placed her hands on the shoulders of the defendant and turned him towards the car for the victim to view his face. The victim "very hesitant[ly]" stated to Officer Ollie "that's him." Officer Ollie exited the car and placed the defendant under arrest.

As stated at the time of the motions hearing, the Court finds that Officer Newton appropriately made a "Terry" stop. There existed articulable facts which supported a reasonable suspicion in her mind that the defendant had committed a criminal offense. The circumstances justified stopping the defendant in order to identify him and question him briefly in order to obtain additional information. *Hayes v. Florida*, 470 U.S. 811 (1985). In assessing the validity of the defendant's subsequent warrantless arrest, the Court must determine whether at the moment of arrest, Officer Ollie had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that the defendant had committed the purse snatching. *Bryson v. Commonwealth*, 211 Va. 85, 172 S.E.2d 248 (1970). In determining whether probable cause existed to support the warrantless arrest, the test is "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." *Washington v. Commonwealth*, 219 Va. 857, 862, 252 S.E.2d 326, 329 (1979).

Reviewing the totality of the circumstances, we have a tall, thin, black male who was stopped running several blocks from the scene of the incident. Whether there was a match of the clothing description is unclear from the evidence before the Court. There was no identifying property of the victim on the person of the defendant. While the amount of cash in the defendant's wallet was similar to the amount reportedly taken from the victim, the defendant also had on his person a pay stub representing receipt of a similar amount that same week. The totality of these circumstances alone do not establish probable cause to support a warrantless arrest of the defendant.

Officer Ollie, however, had available to him an additional fact or circumstance at the time of the defen-

dant's arrest, the victim's show-up identification. Defendant argues that this identification was unduly suggestive or unreliable and therefore must be suppressed. Defendant quotes from the United States Supreme Court decision in *Stovall v. Denno*, 388 U.S. 293, 302 (1967), "the practice of showing suspects singly to persons for the purpose of identification, and not as part of a line-up, has been widely condemned." The Court in *Stovall* continued to hold, however, that a violation of the defendant's due process rights concerning the confrontation depended upon the totality of the circumstances surrounding it. The witness-suspect confrontation was upheld in *Stovall* due to the serious nature of the victim's injuries. In the case at hand, there are no such compelling circumstances to justify the confrontation. When Officer Newton placed her hands on the defendant's shoulders and turned him to face the police car for the victim to identify, the procedure was unduly suggestive and violated the defendant's due process rights.

However, the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188 (1972), held that even if a show-up identification was unnecessarily suggestive, it might still be admissible if it were determined to be so reliable that there is no substantial likelihood of misidentification. The Court set forth a number of factors to be considered in determining the likelihood of misidentification:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Biggers* at 199-200.

The only evidence before the Court concerning the opportunity of the victim to view the defendant at the time of the crime is Officer Ollie's testimony that there was lighting at the scene of the offense. The record is totally void as to any information concerning the period of time which the victim and the criminal interacted, whether the victim was approached from the rear or the

front, whether any words were exchanged, whether the victim ever viewed the criminal's face, what, if any, observations the victim may have made concerning the criminal's clothing and other similarly significant facts which are necessary to determine the opportunity for the victim to view the criminal at the time of the offense.

Similarly, the record is void of any evidence concerning the witness's degree of attention. Officer Ollie testified that she was being helped out of the street at the time he arrived on the scene which suggests the possibility of some mental or physical trauma which might affect the degree of attention. More than this is not known. The accuracy of the victim's prior description of the criminal consists solely of Officer Ollie's testimony that she described a thin, black male. Whatever description may have been given concerning clothing is not before the Court. Hence, once again there is insufficient evidence for the Court to evaluate this factor.

The final two considerations are the length of time between the crime and the confrontation and the level of certainty demonstrated by the witness. Officer Newton testified that Officer Ollie arrived within five minutes after she had stopped the defendant. To that time interval must be added the time which it took for an individual to report the offense to Officer Ollie, for Officer Ollie to travel the two blocks to the scene and speak with the victim, for Officer Ollie to radio his lookout, and for Officer Newton to effect the stop. At the extreme estimate, all of these times could not have totaled in excess of a half hour. Accordingly, the length of time between the crime and the confrontation militates against a likelihood of misidentification. Concerning the level of certainty demonstrated by the witness, however, Officer Ollie's testimony was that the victim was "very hesitant" before stating "that's him." It must be inferred from Officer Ollie's words "very hesitant" that there existed a level of uncertainty on the part of the victim.

Considering all of the factors enumerated by the United States Supreme Court in *Neil v. Biggers*, the Court cannot find that the identification was so reliable as to override the unduly suggestive nature of the confrontation. Accordingly, the out-of-court identification of the defendant is suppressed. Without the identification,

240

there exist no additional circumstances to support probable cause for the warrantless arrest of the defendant, and therefore, the arrest and the indictment must be quashed.